# Birmingham Ry. L. & P. Co. *v.* McCurdy.

## *Injury to Passenger.*

### (Decided May 18, 1911. 55 South. 616.)

1. *Carriers; Passengers; Liability.*—In the absence of an explanation by the carrrier, the law presumes, where a passenger is injured, that it is the result of a carrier's fault, and places the burden upon the carrier of overcoming this presumption.

2. *Same; Complaint; Sufficiency.*—Where a complaint in an action against a carrier for injuries to a passenger, sufficiently avers the relationship, it is sufficient if the negligence be averred in such general language as to amount to hardly more than a statement of a mere conclusion.

3. *Same.*—The complaint against a carrier for injuries suffered by a passenger while alighting from a car, which avers that the injuries resulted as a proximate consequence of the negligence of the carrier or its servants in charge of the operation of the car is sufficient to charge liability as against a general demurrer.

4. *Same; Relation; Issues; Matters to be Proven.*—One suing a carrier for injuries received while a passenger has the burden of establishing the fact that he was a passenger at the time, although there is no suggestion during the trial of a denial of that fact.

5. *Same; Evidence.*—There is no presumption that one is wrongfully on a car, and hence, under the evidence in this case, the jury was justified in finding that plaintiff was a passenger at the time of the injury.

6. *Same; Instructions.*—Where the undisputed evidence showed that the car was stopped to allow passengers to get on and off, it was not error for the court to assume that fact in its charge.

[Birmingham Ry. L. & P. Co. v. McCurdy.]

7. *Same.*—Where the action was by passenger for injuries alleged to have been suffered from alighting, a charge that if the car moved at the direction of the persons in charge thereof while plaintiff was alighting, there was negligence, if they knew that she was in the act of alighting, and that it was their duty to know whether she was in the act of alighting, and whether a passenger was alighting when the car moved, etc., was not an assumption that plaintiff was a passenger, but left it to the jury to say whether she was entitled to protection as a passenger, and while it might have been misleading, was not reversible error.

Appeal from Birmingham City Court.

Heard before Hon. Robert N. Bell (Special).

Action by Elizabeth McCurdy against Birmingham Ry., L. & P. Co., for damages for injuries received while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

Tillman, Bradley & Morrow, and L. C. Leadbeater, for appellant. The court erred in overruling the demurrer to the first count.—*L. & N. R. R. Co. v. Holland,* 164 Ala. 73; *Ensley Ry. Co. v. Chewning,* 93 Ala. 25; *Sloss-Sheffield Steel & Iron Co. v. Smith,* 52 South. 38. The court erred in refusing charge 2, and charge 3.—*Birmingham Ry., L. & P. Co. v. Standfield,* 161 Ala. 488. The court erred in its oral charge.—*Birmingham Ry., L. & P. Co. v. Parker,* 156 Ala. 251.

McArthur & Howard, for appellee. The first count was good as against the demurrer interposed.—*Birmingham Ry., L. & P. Co. v. Harris,* 165 Ala. 483; *Selma S. & S. Ry. Co. v. Campbell,* 158 Ala. 445; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233; *So. Ry. v. Crowder,* 135 Ala. 117. The evidence was sufficient to establish the relation of passenger and of actionable negligence.—*Chamberlain v. So. Ry. Co.,* 159 Ala. 176. The evidence was in conflict, and hence the defendant was not entitled to the charges requested.—*Birmingham Ry., L. & P. Co. v. Willis,* 38 South. 1016; *Birmingham Ry., L. & P. Co. v. Dennison,* 163 Ala. 47.

[Birmingham Ry. L. & P. Co. v. McCurdy.]

SAYRE, J.—Demurrer to the first count of the complaint was overruled. This count, after alleging that plaintiff was injured while a passenger on a car operated by the defendant as a carrier of passengers for hire, and describing her injuries with particularity, proceeds: "And plaintiff avers that her said injuries resulted as the proximate consequence of the negligence of defendant, or its servants or agents in charge of the operation of the said car upon which plaintiff was a passenger, as aforesaid." The objections to this count are stated to be that in its second alternative, which attributes plaintiff's injury to the negligence of defendant's agents, it fails to show that defendant's agents were guilty of negligence in the operation of the car, and that it fails to show that defendant's agents were guilty of any negligence in the carriage of plaintiff as a passenger. The count is further said to be vague, indefinite, and uncertain. Where the suit is by an employee against his employer, as was the case in *Sloss-Sheffield Co. v. Smith,* 166 Ala. 437, 52 South. 38, cited by appellant, some degree of particularity in averment is required. In such cases no presumption of negligence arises out of the fact of injury. But, where a passenger suffers injury at the hands of a common carrier, the law, in the absence of all explanation, presumes it was the result of the carrier's fault, and casts on the latter the burden of overturning the presumption.—*L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South. 902. For this, and for the further reason that what the defendant did, and how he did it, and what he failed to do, are generally better known to the defendant than to the plaintiff, however insufficient these reasons may seem to a corporation conducting its business through the agency of many persons, where the suit is by a passenger, as here, great generality in the averment of neg-

ligence, amounting to hardly more than the statement of a mere conclusion, has been too long tolerated to be now made the subject of further discussion. Aside from some verbal niceties which are indulged, the argument for the demurrer in effect reiterates the common objection to generality of averment. If we may reasonably assume for the moment the count to be capable of the construction that defendant's servants engaged at the time in the actual manipulation of the machinery of and on the car may have been at the same time performing some other service, not so immediately connected with the movement of the car, and performed that service negligently, or that defendant's servants in some other branch of the service may have been guilty of the negligence charged, still the plain averment is that plaintiff was a passenger, and that there was negligence on the part of defendant's servants which resulted in her injury. These averments are enough to show the liability of the defendant and to make the count proof against the demurrer.—*Armstrong v. Montgomery Street Railway Co.,* 123 Ala. 233, 26 South. 349; *Birmingham Railway Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27; *L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Birmingham Railway Co. v. Haggard,* 155 Ala. 343, 46 South. 519.

We find nothing to the contrary of what we have said in *Gordon v. Tenn. Coal & Iron Co.,* 164 Ala. 203, 51 South. 316. In that case the plaintiff, who had no particular relation with the defendant, alleged that, while he was traveling along a highway across defendant's track, a car upon defendant's track ran upon or against him. The original complaint failed to show that defendant or its agents had anything to do with the movement of the car. If the plaintiff relied upon

some negligence other than in the movement of the car, as may possibly have been the case under the complaint as originally drawn, that fact should have been averred, so as to avoid the injustice which would result if the complaint had been sustained against demurrer on a mere intimation that defendant was operating the car, and later the issues of fact allowed to be determined without reference to the truth of the intimation. The case is not clearly reported, but the fact is that the issues involved were submitted to the jury after the complaint had been amended so as to charge that the defendant was operating the car, thus making clear the alleged right upon which the plaintiff relied.

It is contended that the plaintiff utterly failed to make good her allegation that she was a passenger. Plaintiff failed to testify in terms that she was a passenger, or that she had paid her fare, or that it had been paid for her. This was due, no doubt, to inadvertence induced perhaps by the fact that nowhere in the progress of the trial does there appear to have been any suggestion of a denial of the fact. It was nevertheless incumbent on her to prove the fact, and it could not be assumed in the trial court, nor will it be assumed here. We think there was evidence from which the jury was authorized to infer that plaintiff was a passenger. That she, with two companions, had traveled upon defendant's car from East Lake to the corner of Second avenue and Twentieth street, in the city of Birmingham, was clearly shown, and not denied. At that point the car was stopped "for passengers to get off," as one witness put it, and the gate upon the platform opened. Persons got on and off the car. Plaintiff's case was that she was delayed somewhat by her companions, who were in front of her, and by other persons coming upon the car, and that, just as she was in the act of alight-

ing, the car moved forward, throwing her to the ground. The entire evidence is set out in the record, and it shows the case to have been fought out on the question whether the car had moved as plaintiff was in the act of alighting from the car. There is no presumption that plaintiff was wrongfully on the car, though she carried the burden of showing that she was there as a passenger. There is no intimation that she was there in any other capacity. Under the evidence stated it was permissible for the jury to infer that she was there as a passenger. The general charge, requested by the defendant, was properly refused.

In his general charge to the jury the court said: "If, on the other hand, you believe that the car moved by direction of those in charge of the car while she was alighting, then that would be negligence, if they knew she was in the act of alighting, and it is their duty to know whether or not she is in the act of alighting, whether or not a passenger is when the car moves; so that you reach the important question whether or not the car was moved at the time she alighted from the car." Complaint is made of this charge as erroneous, in that it asserted as matter of law that it was the duty of those operating the car to know whether plaintiff was in the act of alighting from the car before moving it, whereas that duty depended upon circumstances as to which the evidence was in conflict. In this connection it is again said that it did not appear that plaintiff was a passenger, and, further, it is urged that it was not shown that the car had stopped for the purpose of letting off passengers, that there was no implied invitation to alight at that point. Enough of the evidence has already been stated to show that this contention is without merit. So far as concerns the place of stopping, the undisputed evidence admitted of but one ra-

tional construction: That the car was stopped at that point for the purpose of allowing passengers to get on and off the car. The court may have assumed the fact without error therefore.—*Carter v. Chambers,* 79 Ala. 23; *Wyche v. Montgomery,* 169 Ala. 181, 53 South. 786. As for the alleged assumption that plaintiff was a passenger, if it be conceded that plaintiff's case depended upon an inference not quite so clear, the court appears in its last expression to have stated the proposition in a way to avoid or correct the fault imputed to an earlier-phrase of the charge. The meaning of the court's last expression was that at the place and under the circumstances shown it was the duty of defendant's agents to know whether a passenger, any passenger, was about to alight. This was a correct statement of the general law on the undisputed facts, and left it to the jury to say whether the plaintiff was entitled as a passenger to invoke the doctrine. No doubt, if the court's attention had been directed to the particular phrase in question, the matter would have been made even clearer. We find no error in the charge.

The motion for a new trial, among other things to which we have already adverted, went upon the grounds that the verdict was contrary to the great weight of the evidence, and the damages awarded were excessive. The entire evidence has had careful consideration with the result that we are unable to say that there was error. —*Central of Georgia Railway Co. v. Brown,* 165 Ala. 493, 51 South. 565.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.