# Alabama Great Southern R. R. Co. v. Pouncey.

## *Injury to Passenger.*

(Decided February 13, 1913. Rehearing denied April 8, 1913.
61 South. 601.)

1. *Pleading; Complaint; Sufficiency.*—The rule that general aver-
ments of breach of duty where the complaint shows the existence
of a duty, are sufficient, does not exempt a plaintiff from showing
by averment that what he complains of was done or omitted by
defendant, or by some one for whose acts or omissions the defend-
ant is legally chargeable.

2. *Carriers; Passengers; Complaint.*—A complaint alleging the
relation of passenger and carrier between plaintiff and defendant,
and that a train servant of defendant used insulting or abusive
language towards plaintiff as a proximate consequence of which
plaintiff was greatly humiliated, etc., does not show that the servant
was acting within the scope of his authority, and was demurrable
on account thereof.

3. *Same; Liability.*—The protection which a carrier owes to its
passengers does not make it liable for an injury inflicted by one to
whom it had not entrusted the performance of any duty connected
with the carriage or protection of its passengers, unless it appears
that the carrier, or an employee of the carrier charged with such
a duty could reasonably have anticipated that a passenger would
be subjected to injury, or was at fault in some respect in failing to
prevent it.

4. *Same; Insults; Evidence.*—The manner and tone of voice ac-
companying the language used to a passenger is admissible in an
action by the passenger against the carrier for damages for abusive
and insulting language used towards the passenger by an employee.

5. *Master and Servant; Injury to Third Person; Liability of Mas-
ter.*—The master's liability does not extend to wrongs committed
by a servant while acting outside the scope of his employment; the
mere existence of the relation of master and servant not imposing
on the master liability for whatever tort the servant may commit
while the relation exists.

6. *Same.*—One seeking to charge a master with liability for a
tort committed by his servant must show in his pleading that the
act or omission complained of occurred under such circumstances
as to render the master liable; it being sufficient, however, if the
averments, read as a whole, show that the servant was acting
within the scope of his employment when committting the wrong
complained of.

[Alabama Great Southern R. R. Co. v. Pouncey.]

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Cobb Pouncey against the Alabama Great Southern Railroad Company, for damages for an alleged injury arising from abusive or insulting language used towards him by an employee of defendant. Judgment for plaintiff and defendant appeals. Reversed and remanded.

A. G. & E. D. SMITH, for appellant. The court erred in overruling demurrer to the complaint as it clearly pointed out the defect therein of a failure to show the servant or agent was acting within the line and scope of his employment.—*L. & N. v. Johnson,* 50 South. 300; *S. S. & I. Co. v. Bibb,* 51 South. 345; *Palos C. & C. Co. v. Benson,* 39 Ala. 727; *Daniels v. Carney,* 148 Ala. 81; *Wise v. Curl,* 58 South. 286. Counsel discuss assignments of error relative to evidence, but without citation of authority. Damages not alleged in the complaint are not recoverable, and hence, the charge asserting that proposition should have been given.—*Dunn & Lalande Bros. v. Gunn,* 42 South. 686; *S. A. L. Ry. Co. v. Brantley,* 48 South. 48; *Blackmon v. Mauldin,* 51 Ala. 23. It is proper to raise improper claims for damages by objections to evidence and requested charges.—*W. U. T. Co. v. Westmoreland,* 43 South. 790; *B'ham W. W. Co. v. Ferguson,* 51 South. 150.

HARSH, BEDDOW & FITTS, for appellee. A complaint must be construed in its entirety.—*A. G. S. v. Williams,* 140 Ala. 230. When so construed, it is entirely sufficient.—*L. & N. v. Johnson,* 50 South. 302; *S. S. S. & I. Co. v. Bibb,* 51 Ala. 347; *B. R., L. & P. Co. v. Moore,* 148 Ala. 120; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 233; *B. R., L. & P. Co. v. Baird,* 137 Ala. 344; *B.*

*R., L. & P. Co. v. McCurdy,* 172 Ala. 488. The legal principles involved in the substantive law in the case have been fully settled in favor of appellee here and elsewhere.—*B. R., L. & P. Co. v. Baird, supra; So. Ry. v. Lee,* 167 Ala. 263; *B. R., L. & P. Co. v. Glenn,* in MSS; 11 Am. St. Rep. 434; 94 Am. St. Rep. 141; 39 Am. St. Rep. 517; 33 L. R. A. (N. S.) 386; 14 L. R. A. (N. S.) 464; 50 South. 632. The manner and tone of the servant was admissible in evidence.—*Ferdon v. Dickens,* 161 Ala. 187; *Thornton v. The State,* 143 Ala. 43; *Miller v. The State,* 107 Ala. 40; *S. A. & N. v. McLendon,* 63 Ala. 266; *Taggart v. The State,* 143 Ala. 188. The above authorities apply with equal force to charge asked by defendant along the same line. The court was not in error in refusing the other charges.— *B. W. W. Co. v. Copeland,* 161 Ala. 310; *B. R., L. & P. Co. v. Glenn,* supra.

WALKER, P. J.—The single count of the complaint in this case, after averring, in effect, that at the time of the commission of the alleged wrong complained of the plaintiff was a passenger on a train of the defendant, averred that "defendant's servant or agent on said train used towards plaintiff abusive or insulting language, and as a proximate consequence thereof plaintiff was greatly humiliated," etc. The court overruled the defendant's demurrer to the complaint, which assigned, among other grounds, "that said complaint fails to allege or show that the servant mentioned in said complaint was acting within the line and scope of his authority." We are unable to escape the conclusion that this ground of demurrer pointed out a material deficiency in the complaint.

The rule under which very general averments of a breach by the defendant of a duty owing by him to

the plaintiff, amounting to hardly more than the statement of the pleader's conclusion in that regard, are treated as sufficient, when the averments of the complaint show the existence of such duty (*Birmingham Ry., L. & P. Co. v. McCurdy*, 172 Ala. 488, 55 South. 616), cannot be availed of by a plaintiff to excuse a failure on his part to show by appropriate averments that what he complains of was done or omitted by the defendant, or by some one for whose acts or defaults the defendant is legally chargeable. The objection raised by the quoted ground of demurrer is not aimed at the generality of the averment of wrongful conduct complained of, but at the failure of the complaint to show that the person guilty of the wrong bore any such relation to the defendant as to render the latter liable for his alleged misconduct. So far as the complaint shows the existence of any relation between the defendant and the person whose wrongful conduct is alleged, its averments would be sustained by evidence of that person's being an agent or servant of the defendant who was on said train at the time referred to, though he had been intrusted by the defendant with no duty in reference to that train or the safeguarding of the passengers thereon, though his employment by the defendant was for service to be rendered in a wholly different branch of its business, disassociated from the performance of any duty owing by the carrier to a passenger, and though his presence on the train at that time was in violation of the rules or express orders of the defendant. For anything that appears in the complaint, the performance of all duties or functions pertaining to the service for which the agent or servant referred to in the complaint had been employed by the defendant may have been completely suspended so long as he was on that

train. He may not have been at that time engaged in any way in the business of his employer.

The mere fact of the existence of the relation of principal and agent is not enough, under the law, to impose upon the principal liability for whatever tort the agent may commit while the relation exists. Under the doctrine of respondeat superior the liability of the principal for the torts of his agent does not extend to wrongs committed by the agent while he is acting wholly outside of the general range or scope of his employment, and is no longer in any way or sense engaged in performing the service for which he had been employed, or to which he had been assigned.—*Henderson-Mizell Mercantile Co. v. Chapman & Co.*, 3 Ala. App. 296, 57 South. 82; 4 Elliott on Railroads, § 2638.

In the opinion rendered in the case of *Louisville & Nashville R. Co. v. Johnson*, 162 Ala. 665, 50 South. 300, it was distinctly recognized that when a principal is sought to be charged with liability for a tort committed by his agent it is incumbent upon the plaintiff to show by the averments of his complaint that the act or omission complained of occurred under such circumstances as to render the defendant, as the principal or employer, liable for it, though it was also recognized that "there are no patented words for charging the misconduct imputed to have been committed or omitted 'within the scope of the servant's employment,' " and that it is sufficient if the averments of the complaint, read as a whole, show that the agent, when committing the wrong, bore such a relation to the defendant as to render the latter liable for the misconduct complained of. The wrong complained of in the case at bar is similar to the one which was the subject of complaint in the case of *Lampkin v. Louisville & Nashville R. Co.*, 106 Ala. 287, 17 South. 448. It was held that the com-

plaint in that case was not subject to such an objection as the one raised. by the ground of demurrer above mentioned; the court saying: "It sufficiently appears from the complaint that the acts charged were committed on and to the plaintiff, while he was a passenger on the defendant's train, by a brakeman in the service and employment of the defendant, while in the discharge of his duties as such, when he owed and could not deny protection to the plaintiff, and could not willfully insult and maltreat him in the manner alleged." No such statement can properly be made in reference to the averments of the complaint in the case at bar. To adopt the suggestion made in the argument of the counsel for the appellee, that the averment to the effect that the alleged wrong was committed by "the defendant's servant or agent on said train," when read in connection with other averments made in the complaint, is to be construed as showing that such servant or agent was on the train in the performance of a service connected with its operation for which he had been employed by the defendant, not only would require the averments of the complaint to be construed most favorably to the plaintiff, instead of in the way called for by the familiar rule on the subject, but would amount to adding or interpolating averments of fact which the pleader did not make.

The averments of the complaint do not show that the plaintiff was subjected to the alleged abuse or insult in such circumstances as to render the defendant liable to him for the wrong, though it was committed by one to whom the defendant had intrusted no duty in reference to the operation of the train or the protection of the passengers thereon. The duty of protection which a carrier owes to his passenger is not to be so enlarged as to make him liable for an injury inflicted by one to

whom he had intrusted the performance of no duty connected with the carriage or protection of his passengers, unless the carrier or some employee charged with such a duty could reasonably have anticipated that a passenger would be subjected to such an injury, or was at fault in some respect in failing to prevent it.— Elliott on Railroads, § 1639. No such state of facts is disclosed by the averments of the complaint in the case at bar.

Exceptions were reserved to rulings of the court in admitting evidence as to the manner and tone of voice accompanying the expressions of the defendant's employee which were complained of as abusive or insulting, and to the giving and refusal of instructions as to the right of the jury to look to such evidence. Without undertaking to rule upon questions that may not be presented at all or in the same way on another trial that may be had under different issues, it may be said that to deny the jury the opportunity of considering the words deposed to in the light of the way in which they were spoken would seem to amount to a withdrawal from its view of an integral part of the occurrence which is the subject of complaint. Whether or not words spoken by one person to another are to be regarded as abusive or insulting, or otherwise, may depend largely upon the manner or tone of voice of the speaker. A statement which could properly be treated as inoffensive if it was made in a jocular or friendly way might be distinctly abusive or insulting if the manner of the speaker was serious, and his tone of voice indicated anger or ill will.—*Barlow, et al. v. Hamilton,* 151 Ala. 634, 44 South. 657; *Hill v. State,* 146 Ala. 51, 41 South. 621; *Riley v. State,* 132 Ala. 13, 31 South. 731; 1 Elliott on Evidence, §§ 540, 552.

Reversed and remanded.

[Alabama Great Southern R. R. Co. v. Pouncey.]

ON APPLICATION FOR REHEARING.

In the brief filed in support of the appellee's application for a rehearing, it is contended that what was said, in the foregoing opinion is opposed to the decision rendered in the case of *Birmingham Railway & Electric Co. v. Baird,* 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. The assault for which the common carrier was held liable in that case was one committed upon its passenger by its conductor, who was in charge of the car upon which the passenger was riding. It was distinctly recognized in that case, as one of the elements of the plaintiff's right to recover, that at the time the assault complained of was committed the conductor was engaged in the service for which he had been employed by the carrier, and that the assault was a disregard and violation of a duty imposed upon him by his employment. The following expressions, indicating the grounds upon which the defendant in that case was held liable for the assault, were quoted by the court in the course of the opinion rendered: "The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully, and if he intrusts the performance of this duty to his servants the law holds him responsible for the manner in which they execute the trust." "It is a duty of the conductor, and other employees upon a train of cars to treat the passengers with civility, and to abstain from all unnecessary violence towards them." The carrier was held liable for the assault committed by the conductor, because that assault was a breach of a duty of the carrier to the passenger, the performance of which was imposed upon the conductor by his employment. Nothing said in the opinion in that case supports the contention that a carrier is to be held to lia-

bility for an assault committed upon a passenger by any employee of the carrier, without regard to whether such employee had been intrusted with the performance of any duty owing by the carrier to the passenger, and though neither the carrier nor any of its employees to whom such duty had been intrusted were in any way in fault in failing to anticipate the assault, or to prevent its commission. That case does not decide that a carrier is liable for every assault committed on a passenger by one of its employees while the latter is off duty and in no manner engaged in his employer's business, or that in such a case the inquiry as to whether the employee was acting within or wholly outside of the general range or scope of his employment is an immaterial one. If at the time of the assault he was in no sense acting as an employee of the carrier, the latter is not to be held to liability for the assault, unless it was committed under such circumstances as would have rendered it liable if the act had been that of a stranger to it.

Application for rehearing overruled.