# B'ham Ry. L. & P. Co. v. Wilcox.

*Damage for Injury to Passenger.*

(Decided April 17, 1913. 61 South. 908.)

1. *Carriers; Passengers; Complaint; Negligence.*—Where the complaint charged that plaintiff took passage on one of defendant's cars and paid her fare thereon, and that when she reached her destination the car stopped, but just before she arose from her seat it moved forward with a jerk, and she was thrown violently against a seat and injured, and that the injury proximately resulted from the negligent way in which defendant conducted itself in and about carrying her to her destination; and a count alleging the same state of facts with the allegation that the injuries were due to the negligent way in which defendant handled a car on which plaintiff's wife was riding, neither count was demurrable on the ground that the general averment of negligence was overcome by the particular facts stated.

2. *Negligence; Complaint; General and Specific Averments.*—A complaint for injuries which charges negligence generally is suffi-

[B'ham Ry. L. & P. Co. v. Wilcox.]

cient, unless it contains language limiting the general averments to acts or omissions described in the count which do not justify the general conclusion of negligence.

3. *Pleading; Construction.*—Where the first count of the complaint after stating the relation of the parties, alleged that as plaintiff arose from her seat in defendant's street car preparatory to alighting she was thrown violently against a seat by the negligence of defendant in suddenly moving the car forward with a jerk; and counts 2 and 3 were similar except that they charged the injury to be the proximate consequence of the negligent way in which defendant conducted itself in and about her carriage, concluding with the words "as aforesaid," such words should not be construed as referring the general averments of negligence to the particular facts previously alleged in the counts, but rather to the averred destination of the passenger in counts 2 and 3, and to the relation of plaintiff's wife to the defendant as averred in count 1.

APPEAL from Jefferson Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. R. Wilcox against the Birmingham Railway, Light & Power Company for damages for injury to his wife while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1: "Plaintiff claims of defendant the sum of $15,000 damages, for that, heretofore, to wit, on the 16th day of August, 1910, the defendant was engaged in operating a street car line in the city of Birmingham, it being at such time a common carrier of passengers for hire, and on said date plaintiff's wife, Mattie E. Wilcox, desiring to go to her home, which was near Eleventh avenue and Twelfth street, took passage on one of defendant's cars, paying her fare thereon. And plaintiff avers that when the car upon which she, the said Mattie E. Wilcox, was riding, reached the point at which she was to get off at Eleventh avenue and Twelfth street, the same was stopped, but just before the plaintiff's wife arose from her seat preparatory to alighting from said car, the same was caused to move with a jerk, and plaintiff was thrown violently against a seat in said car, or some other object. (Here follows catalogue of injuries, and allegations of damages resulting there-

from.) And plaintiff avers that the said injuries and damages were caused by reason of, and as a proximate consequence of, the negligent way in which the defendant conducted itself in and about carrying plaintiff's wife to her point of destination." Count 2 is similar in all respects to count 1, except that it alleges that the injuries and damages were caused by reason of, and as a proximate consequence of, the negligent way in which the defendant conducted itself in and about the handling of its car on which plaintiff was riding to her point of destination. Count 3 is practically a duplicate of count 2. Count A states the same facts as the other counts in shorter form and alleges the negligence to be the negligent manner in which defendant conducted itself in and about handling its said car upon which his wife was traveling.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in overruling demurrer to the first count of the complaint.—*Johnson v. B. R., L. & P. Co.,* 149 Ala. 533; *B'ham O. & M. Co. v. Grover,* 48 South. 684; *B. R., L. & P. Co. v. Weathers,* 164 Ala. 32; *B. R., L. & P. Co. v. Parker,* 136 Ala. 251. On these authorities, the demurrers to counts 2 and 3 should have been sustained. Counsel discuss the charges given and refused in the light of these authorities, and insists that the rulings were erroneous.

FRANK S. WHITE & SONS, for appellee. The judgment entry does not disclose any rulings of the court as are set up in the assignment of error, and therefore, this question is not presented for review.—*Ala. Chem. Co. v. Niles,* 106 Ala. 302. In any event, the first count was not subject to the demurrers interposed.—*B. R., L. & P. Co. v. Harris,* 165 Ala. 483; *Same v. Selhorst,* 165 Ala.

477; *Haggard's Case*, 155 Ala. 344; *Oden's Case*, 164 Ala. 21; *Adams' Case*, 164 Ala: 270; *C. of Ga. v. Carlton*, 163 Ala. 64; *B. R., L. & P. Co. v. Jordan*, 54 South. 280; *Same v. Gonazles* in MSS. On these same authorities, counts 2, 3 and A were good. There was no error in refusing the affirmative charge.—*Peters v. So. Ry.*, 135 Ala. 537; *Bessemer Foundry Co. v. Tillman*, 138 Ala. 162.

McCLELLAN, J.—The only assignments of error insisted upon in brief relate to the action of the court in overruling demurrers to counts 1, 2, 3, and A. The action is by the husband for injuries received by the wife while a passenger on the car of the appellant.

The argument, common to all of the counts, for error in the action stated, is rested upon the familiar rule announced in *Johnson v. B. R., L. & P. Co.*, 149 Ala. 533, 43 South. 33; *B: O. & M. Co. v. Grover*, 159 Ala. 276, 48 South. 682; *B. R., L. & P. Co. v. Parker*, 156 Ala. 251, 47 South. 138; *B. R., L. & P. Co. v. Weathers*, 164 Ala. 32, 51 South. 303 (among others to like effect), that a general averment of negligence (where permissible) is restricted, in its effect, to the particular facts alleged as affording the basis or bases for the negligence so generally charged; and, if the particular facts alleged do not justify the conclusion of negligence therefrom, the count is demurrable.

None of the counts here under view are subjects of the application of that rule. Aside from matters of inducement and of averment of relation between the party injured and the defendant, counts charging negligence may, and very often do, contain two distinct features, viz.: (a) One descriptive of the *means* of injury and of the physical circumstances surrounding and attending the injury, *and* (b) another, ascribing *the* injury to

negligence for which the defendant is responsible. Unless, as was ruled in the *Parker Case, supra,* there is language in a count which constricts, contracts, the general averment of negligence to acts or omission described in the count, but which does not justify the conclusion of negligence so sought to be drawn by the pleader in general, though referable, terms, the stated first feature (lettered *"a"*) does not contract the general averment of negligence, for the obvious reason that the former only describes the *means* of injury and the physical circumstances surrounding and attending the injury, and not the culpable act or omission of defendant or of the defendant's servants, which the law terms *"negligence."* It was so soundly decided in *B. R., L. & P. Co. v. Jordan,* 170 Ala. 530, 54 South. 280. In many recent decisions here similar counts have not been found subject to the rule asserted by the demurrant in this instance.

It is also urged for appellant that the words "as aforesaid," concluding all the counts but that numbered 1, should be accorded the effect to refer the general averment of negligence to the particular facts previously alleged in the counts, as was the process in the *Weathers Case, supra.* A comparison of the count so interpreted in the *Parker Case* and those here under view readily discloses that the words "aforesaid," in these counts, do not refer to the general averment of negligence, but to the passenger's destination as averred in counts 2 and 3, and to the relation (of passenger) which the plaintiff's wife, when injured, bore to the defendant as averred in count A. Count 1 does not contain the words "as aforesaid."

No error appearing, the judgment is affirmed.

Affirmed. All the Justices concur; DOWDELL, C. J., not sitting.