[Virginia-Carolina Chemical Company v. Mayson.]

# Virginia-Carolina Chemical Company v. Mayson.

## *Injury to Licensee.*

(Decided April 24, 1913. Rehearing denied May 14, 1913.
62 South. 253.)

1. *Negligence; Pleading; Sufficiency.*—In an action for negligence based on the nonfeasance or misfeasance of another, it is sufficient if the complaint aver the facts out of which the duty springs, and that defendant negligently performed or failed to perform such duty, it not being necessary to specify the particular acts which defendant should have performed; where the complaint specifies the negligent acts on which the complaint is predicated, it will be tested on demurrer by the sufficiency of the particular allegation put forward to show actionable negligence.

2. *Same.*—A complaint averring that plaintiff was in the employ of a railroad company, and while engaged about the business of his employer on defendant's premises, at the invitation of defendant, was struck and violently thrown down, suffering injuries proximately caused by defendant's negligence, in that it carelessly suffered an iron pipe to extend on the premises over the sidetrack upon which the railroad company was operating cars, at a dangerous and unsafe height above such freight car, fails to show any causal connection between the injury and the negligence charged in that it nowhere appears that the pipes complained of caused the injury, and does not state a cause of action.

3. *Same; Actionable Negligence.*—To constitute actionable negligence, there must be causal connection between the negligence complained of and the injury suffered, and for the negligence to be the proximate cause of the injury, it must appear that defendant owed a duty to plaintiff, that there was a negligent breach and that injury resulted as a direct consequence of the breach.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by W. L. Mayson against the Virginia-Carolina Chemical Company for damages for injury suffered while on their premises by invitation. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEINER, CRUM & WEIL, for appellant. The 2nd count was fatally defective in that no causal connection was shown between the negligence alleged and the injury stated. Where the pleader undertakes to particularize, the pleading is tested on demurrer as to the sufficiency of its allegation to show a duty, a breach thereof, and the causal connection between it and the injury.—*Higdon v. Fields,* 3 Ala. App. 322; *B. Co. v. Grove,* 159 Ala. 280; *Johnson v. B'ham Ry. Co.,* 149 Ala. 533; *Fidelity & D. Co. v. Walker,* 158 Ala. 142; 29 Cyc. 488; *Stanton v. L. & N.,* 91 Ala. 382.

LETCHER, MCCORD & HAROLD, for appellee. Good pleading does not require that the quo modo be defined, or that the particular acts of negligence be specified.— *Leach v. Bush,* 57 Ala. 145; *M. & O. v. Williams,* 53 Ala. 595; *M. & M. R. R. Co. v. Crenshaw,* 65 Ala. 566; *L. & N. v. Jones,* 83 Ala. 376; *Armstrong v. Mont. St. Ry.,* 123 Ala. 233; *C. of Ga. v. Foshee,* 125 Ala. 199; *Same v. Edmondson,* 135 Ala. 366; *T. C., I. & R. R. Co. v. Smith,* 55 South. 170; *Woolf v. Smith,* 149 Ala. 457.

THOMAS, J.—The sole count of the complaint upon which this case was tried is as follows: "Plaintiff claims of the defendant one thousand nine hundred ninety-nine and 99/100 dollars for this, to-wit: On the 26th day of May, 1911, plaintiff was in the employ of the Louisville & Nashville Railroad Company, and as such employee or agent of the said railroad company on the premises of the said defendant, at the invitation of defendant, engaged in and about the business of his employer, and while so engaged was struck and violently thrown down, whereby plaintiff suffered great pain," etc., "and certain injuries and damages [setting them out]; and plaintiff avers that said wounds or injuries

were the proximate consequence of the defendant's negligence in this, to-wit: That defendant carelessly suffered or allowed an iron pipe to run or extend on its premises across or over the side tracks on its premises, along which the said railroad company was operating its cars, as aforesaid, at a dangerous and unsafe height above the said freight cars."

A demurrer was interposed by appellant (the defendant below), raising the point that the averments of the complaint fail to show any causal connection between the negligence alleged and the injury complained of. There is no bill of exceptions, and the sole error assigned is upon the action of the trial court in overruling this demurrer. The general rule undoubtedly is, as has been often repeated in our decisions, that when the gravamen of the action is the alleged nonfeasance or misfeasance of another it is sufficient if the complaint aver facts out of which the duty to act springs, and that the defendant negligently performed, or negligently failed to perform, such duty; that it is not necessary to define the quo modo, or to specify the particular acts of diligence which the defendant should have employed in the performance of such duty, for the reason that it is generally better known to the defendant than to the plaintiff what the former did, how he did it, and what he failed to do, as a result of which plaintiff was injured.—*Leach v. Bush,* 57 Ala. 155. But it is also a general rule, equally as well established, that where the complaint undertakes to set out and particularize, as here, the act of negligence on the part of the defendant upon which the action is predicated, on demurrer it must be tested by the sufficiency of the particular allegations to show actionable negligence, and not by any general averment of negligence which the complaint may contain.—*Johnson v. B. R., L. & P.*

*Co.,* 149 Ala. 533, 43 South. 33; *Highland, etc., Co. v. South,* 112 Ala. 642, 20 South. 1003; *Birmingham Ore & Mining Co. v. Grover,* 159 Ala. 280, 48 South. 682.

To constitute actionable negligence, there must be causal connection between the negligence complained of and the injury suffered. The connection must be by natural and unbroken sequence, without intervening efficient cause, so that but for the negligence of defendant the injury would not have occurred. And the negligence must not only be the cause, but the proximate cause, the direct and immediate efficient cause, of the injury.—*Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 255, 29 South. 646. Three things are essential to the cause of action : First, a duty owing from defendant to plaintiff under the particular circumstances of the case; second, a negligent performance of, or a negligent failure to perform, such duty; third, injury to the plaintiff as a proximate consequence thereof.

The complaint here sufficiently shows a duty, in that it alleges a fact from which the law will infer it. It alleges that the plaintiff was on the defendant's premises by invitation, and being so the law imposed upon the defendant the duty of maintaining such premises in a reasonably safe condition for the contemplated uses and purposes for which the invitation was extended. Assuming that the complaint shows a negligent breach of this duty in the allegation that the defendant carelessly suffered or allowed an iron pipe to run or extend over or across the side tracks on the premises, along which plaintiff's employers, the Louisville & Nashville Railroad Company, were operating cars, at a dangerous or unsafe height above the cars, yet the complaint in no way shows a causal connection between plaintiff's injuries and this alleged negligence. It is true that in a preceding paragraph the complaint al-

leges that plaintiff, while engaged in the business of his master, the Louisville & Nashville Railroad Company, on defendant's premises, "was struck and violently thrown down," but the complaint nowhere shows that it was done by or with the pipe mentioned; nor, if we could safely infer that it was done, does the complaint show how it was done, so that the court could say that the pipe, maintained as it was, and not some independent, intervening agency, was the efficient cause of the injury. We would be at a loss to imagine how the maintenance of this pipe by defendant played any part in plaintiff's injury but for the statement of counsel in brief and argument of matters outside of the record before us.

The plaintiff (appellee) urges upon us the case of *Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338, but even in that case our Supreme Court continued to recognize the existence of and approves the rule of pleading which we are here enforcing; and while they were of opinion that its requirements were met by the complaint there considered, we are of opinion that it is not met by the complaint here.

For the error of the trial court in overruling the demurrer to the complaint, the judgment is reversed and the cause remanded.

Reversed and remanded.