# Louisville & Nashville R. R. Co. v. Laney.

### Injury to Passenger.

(Decided October 19, 1915. 69 South. 993.)

1. **Statues; Repeal; Subsequent Code.**—The act of Nov. 23 1907, (Acts S. S. 1907, p. 67) was not repealed by Acts 1907, p. 499, adopting the code in manuscript, since § 2 thereof declared that no act passed after July 9, 1907, should be repealed by the adoption of the Code; nor was such act repealed by the act of Aug. 26, 1909, (Acts 1909, p. 174) since § 2 thereof declared that all acts passed at the general or special session were unaffected by the adoption of the code.

2. **Pleading; Abatement; Statutes; Burden of Proof.**—Where defendant railroad was sued in this state for personal injuries inflicted in another state, and it sought to abate the action and oust the court of its jurisdiction on the ground that actions for personal injuries must be brought in the county where the injury occurred, or in the county where plaintiff resided, if such corporation does business therein by agent (§ 6112, Code 1907), the defendant had the burden of alleging and proving a case within the operation of the statute, and this was not sustained by a plea not averring that plaintiff had a permanent residence in the particular county.

3. **Appeal and Error; Record; Assignment.**—Where the record does not show any ruling or judgment disposing of the first three counts of the complaint, or of the pleas in abatement, but the bill of exceptions recite that prior to the filing of count 4, all other counts of the complaint, to-wit, counts 1, 2 and 3, had been previously eliminated by the previous action of the court, and trial of the cause was had upon count 4 alone, there was nothing to support assignments of error predicated on defendant's objection to the allowance of the amendment, or on its motion to strike.

4. **Abatement and Revival; Jurisdiction; Plea.**—The sustaining of defendant's plea in abatement against counts in a complaint in an action for personal injury sustained in another state, on the ground that they were in form ex delicto, was erroneous under Acts 1907, (S. S.) p. 67.

5. **Pleading; Amendment; Allowance.**—Where a count of the complaint was a mere repetition of other counts to which a plea in abatement had been erroneously sustained, the allowance of such count as an amendment was proper, and the action of the court in allowing it merely corrected the error committed in sustaining the plea in abatement.

6. **Same; Joinder; Statutes.**—Where the first three counts stated a cause of action ex delicto an amendment alleging an action ex contractu was properly allowed under § 5329, Code 1907, if the subject matter of the two counts was the same.

7. **Carrier; Passenger; Injury; Act of Servant.**—Where the complaint showed the relation of carrier and passenger between plaintiff and defendant, and defendant's duty to safely carry plaintiff, and averred that while plaintiff was on the train at a point near defendant's station, the conductor, the servant or agent of defendant in charge of the train, ejected plaintiff therefrom, it sufficiently showed defendant's liability for the acts of its servants or agents.

[Louisville & Nashville R. R. Co. v. Laney.]

**8. Same; Duty.**—The carrier is bound to carry its passengers safely and properly, and to treat them respectfully, and if it entrusts the performance of such duty to its servant, the law holds it responsible for the manner in which the servants execute it; it must protect its passengers against the viloence and insults of strangers, and especially against the violence and insults of its own agents or servants.

**9. Same; Ejectment; Damages.**—Where a railroad breached its contract to safely and properly carry plaintiff as a passenger, and to protect him from violence, it was liable in at least nominal damages, and in addition thereto to all actual damages directly consequent on the breach, including damages for personal injury, indignity suffered from abuse and insult, from its agents or servants, mental and physical pain and anguish, resulting from such breach, and all the necessary expense incident to plaintiff's reaching his destination.

**10. Same; Instruction.**—In such a case an instruction that if the jury found from the evidence that defendant had proven to their reasonable satisfaction one of the pleas filed in the case, their judgment should be for defendant, was improper as imposing on the jury the duty of finding out the issues for themselves.

**11. Same; Acts of Conductor.**—Where a passenger delivered his ticket to the conductor of the sleeping car, and he failed to return it to him, but gave it to some other passenger, and plaintiff was ejected, the defendant was responsible for the act of the conductor.

**12. Appeal and Error; Review; Excessive Verdict.**—Where the reviewing court cannot say that the award of damages was excessive, or that the verdict was so palpably opposed to the weight of the evidence, as to warrant a reversal of the judgment thereon, it will not be reviewed.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. E. Laney against the Louisville & Nashville Railroad Company for damages for injury to him while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count states the relation of passenger and carrier and a right to ride from East St. Louis to Montgomery, and that at a point in Tennessee, known as Franklin, plaintiff was ejected from said train by the conductor in charge thereof; he at the time using language derogatory to plaintiff's character as an honest man, etc. The second count states the cause of action in the same manner, but a little more fully. The third count is for willfully and forcibly ejecting plaintiff. The fourth count alleges the purchase by plaintiff of a ticket at East St. Louis, Ill., from the agents and servants of defendant entitling him to ride upon passenger trains operated by defendant from said initial point to Montgomery, Ala., and that he took passage on

[Louisville & Nashville R. R. Co. v. Laney.]

one of said trains on the night of November 27, 1913, having previously obtained said ticket at and for the sum of $15.02, and that on the 20th day of November, 1913, while plaintiff was on said train, at a point in Tennessee known as Franklin, a station on defendant's railway line, the conductor, servants, or agents of defendant in charge of the train, on which plaintiff was, ejected plaintiff from said train, and in so doing said servants and agents used abusive, insulting, and derogatory language concerning plaintiff and his character as an honest man, in the presence and hearing of sundry persons, and by reason of such conduct plaintiff was greatly humiliated, etc.   Defendant filed to each and every count of the complaint the following plea: It says that this court ought not to have and maintain jurisdiction of the action set up therein, for that said defendant avers that the alleged cause of action therein set up, if any plaintiff has, did not arise, nor did the injury therein complained of occur, in Montgomery county in the state of Alabama, but in the state of Tennessee, and that plaintiff does not reside in the said county of Montgomery, and defendant is a corporation organized under the laws of the state of Kentucky; wherefore, since the said action is brought for a personal injury within the meaning of section 6112, Code of Alabama, in a county other than the county in which the injury occurred, and other than the county in which plaintiff resides, the defendant corporation prays the judgment of the circuit court of Montgomery county if said court will or ought to have further cognizance of said action.

This plea was duly verified.

The following charges were refused to defendant:

(1)  Affirmative charge as to the fourth count.

(2)  General affirmative charge.

(3)  In this case plaintiff cannot recover any damages on account of the wrongful conduct of defendant's conductor or agent.

(4)  If the jury believe from the evidence that defendant conductor requested of plaintiff that he furinsh him his ticket authorizing him to ride upon said train, or pay his fare for riding thereon, and that after such request plaintiff failed or refused to present his ticket to the conductor or to pay his fare, then you cannot find a verdict for defendant.

(5)  If you believe from the evidence that plaintiff failed or refused to exhibit his railroad ticket to the conductor or to pay

[Louisville & Nashville R. R. Co. v. Laney.]

his railroad fare to the conductor after demand was made therefor by said conductor, and such failure or refusal took place without any wrongful conduct on the part of defendant's said conductor, or of any employee, or agent of defendant in charge of said train, then your verdict must be for defendant.

(6) If the jury believe from the evidence that plaintiff was required to leave the train as the result of any negligence on the part of the conductor of the Pullman car, then you cannot find a verdict for plaintiff under count 4.

(7) If the jury believe from the evidence that plaintiff's inability to furnish his ticket to the conductor, upon request to him therefor by such conductor, and that such failure was the result of the negligence or wrongful act of employee of the Pullman Car Company, then you cannot find a verdict for plaintiff in this case.

(8) If the jury find from the evidence that defendant has proven to their reasonable satisfaction one of its pleas filed in this case, then the judgment must be for defendant.

(9) If you believe that plaintiff is entitled to recover, then I charge you he can recover only the amount which it reasonably cost him from being delayed in passage.

(10) In this case plaintiff cannot recover damages for any personal injury or insult to him on the part of the servant or agent of defendant in charge of the train.

(11) The only damages which can be asserted in this case against defendant, if you find from the evidence that plaintiff is entitled to recover, are such damages as are a direct result of a breach of the contract sued on, and no recovery can be had by plaintiff on account of any wrongful conduct on the part of defendant's agents or servants.

(14) The only damages which the jury can assess against defendant are the costs to plaintiff of his railroad ticket, purchased at East St. Louis and at Nashville, and at Franklin, and his board at Memphis.

(15) The jury cannot assess any damages against defendant on account of anything said to plaintiff by defendant's conductor Billings.

(17) Plaintiff cannot recover damages in this case on account of any humiliation suffered by him as the result of any rude conduct towards him of defendant's conductor.

There was verdict and judgment for plaintiff in the sum of $750.

[Louisville & Nashville R. R. Co. v. Laney.]

TYLER GOODWYN, for appellant. RUSHTON, WILLIAMS & CRENSHAW, for appellee.

BROWN, J.— (1) By an act of the Legislature approved November 23, 1907, the courts of this state are authorized to entertain jurisdiction of all causes of action, whether for tort or breach of contract, arising in another state, the act providing: "Such cause of action shall be enforceable in the courts of this state, in any county in which jurisdiction of the defendant can legally be obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."—Acts Sp. Sess. 1907, p. 67.

The plaintiff's cause of action arose in the state of Tennessee, and this action was brought in the circuit court of Montgomery county. The appellant now insists that this act was repealed by section 10 of the Code, and the act adopting the Code, approved August 26, 1909 (Acts Sp. Sess. 1909, p. 174).

The manuscript prepared by the Code Commissioner, after it had been revised by a joint committee from House and Senate, was adopted in manuscript form during the latter part of the regular session of the Legislature of 1907, by act approved July 27, 1907, in the second section of which the following provision is made: "No act passed on or after the 9th day of July, 1907, shall be repealed or affected in any manner by the adoption of this Code."—Acts 1909, p. 499.

The act in question having been passed at a session of the Legislature subsequent to this first act adopting the Code, it is manifest that it is in no way affected by that act or the Code as thus adopted.

After the Code was printed and bound in three volumes, designated the "Political," "Civil," and "Criminal" Code, by the same Legislature at the special session of 1909, it was adopted by act approved August 26, 1909, supra. The second section of the last act above referred to contains the following saving provisions, to-wit: "That all acts of the Legislature * * * passed at the general or special sessions are unaffected by the adoption of this Code."

(2) The act approved November 23, 1907, passed at one of the special sessions referred to in this last adopting act, is clearly within a class that it was the manifest intention of the Legislature to save, and was not repealed by the adoption of the Code.—

*State v. Lamar*, 178 Ala. 77, 59 South. 473; *Larue v. Kershaw Contracting Co.*, 177 Ala. 441, 59 South. 155. This being true, appellant further contends that this act must be construed in connection with section 6112 of the Code, which fixes the venue in actions for personal injury where the causes of action arise in this state in the county in which the injury occurred or in which the plaintiff resides. The cause of action having arisen out of this state, it is manifest that section 6112 has no application here unless the plaintiff has a permanent residence in some one of the counties in this state in which the defendant does business by agent. Inasmuch as the defendant was relying on this statute to abate the suit and oust the court of its jurisdiction, the burden was on it by appropriate averment and proof to bring the case within the operation of the statute.—*Larue v. Kershaw Contracting Co., supra.* The defendant's plea in abatement does not aver that the plaintiff has such residence, and it was subject to the objection pointed out by the demurrers, and the ruling of the trial court thereon was free from error prejudicial to appellant.

(3) The record does not show any ruling or judgment of the court disposing of counts 1, 2, and 3 of the complaint, or the pleas in abatement filed thereto. The only reference made to these counts and pleas is found in the bill of exceptions in these words: "Prior to the filing of count 4, all other counts of the complaint, to-wit, 1, 2, and 3, had been eliminated by previous action of the court, and trial of the cause was had on count 4 alone."

Therefore, if there was any merit in the defendant's objections to the allowance of the amendment or in the motion to strike, there is nothing in the record to support either, and the assignments predicated thereon are not sustained.

(4) If, however, as appears from the arguments and briefs, the court held the defendant's pleas in abatement good as against the first three counts of the complaint, because they were in form ex delicto, this ruling was erroneous.—Acts Sp. Sess. 1907, p. 67.

(5) Assuming, therefore, as appellant contends, that the fourth count is a mere repetition of the other counts, its allowance was proper, as the court merely corrected its error by allowing the amendment.—*Friedman Bros., et al. v. Cullman B. & L. Ass'n*, 124 Ala. 344, 27 South. 332.

(6) Nor was it sufficient ground to refuse the amendment that the first three counts stated a cause of action ex delicto and

the fourth was ex contractu, if as appears the subject-matter of the counts was the same.—Code, § 5329; *Union Marine Ins. Co. c. Charlie's Transfer Co.,* 186 Ala. 443, 65 South. 78.

(7) The fourth count of the complaint, after showing the relation of passenger and carrier between the plaintiff and defendant, and the duty of the defendant to safely carry the plaintiff from East St. Louis, Ill., to Montgomery, Ala., avers that: "While plaintiff was on said train at a point near a station on said railroad of defendant known as Franklin, Tenn., the conductor, servant, or agent of the defendant in charge of the train on which defendant was, ejected plaintiff from said train," etc.

These averments were sufficient to show the defendant's liability for the acts of its servant or agent in charge of the train in ejecting the plaintiff therefrom, and the demurrers thereto were properly overruled.—*A. G. S. R. R. Co. v. Pouncey,* 7 Ala. App. 548, 61 South. 601; *Lampkin v. L. & N. R. R. Co.,* 106 Ala. 287, 17 South. 448; *Daniels v. Carney,* 148 Ala. 81, 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; *Sloss-Sheffield Steel & Iron Co. v. Salser,* 158 Ala. 511, 48 South. 374; *A. G. S. R. R. Co. v. Brock,* 161 Ala. 351, 49 South. 453.

(8) The motion to strike certain portions of the complaint was likewise properly overruled.

"The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully; and, if he intrusts the performance of this duty to his servants, the law holds him responsible for the manner in which they execute the trust. * * * He must not only protect his passengers against the violence and insults of strangers and copassengers, but a fortiori against the violence and insults of his own servants."—*Lampkin v. L. & N. R. R. Co., supra; B. R., L. & P. Co. v. Baird,* 130 Ala. 334, 30 South. 456, 54 L.·R. A. 752, 89 Am. St. Rep. 43.

(9) The evidence shows without dispute that the defendant breached its contract, by which it engaged to carry plaintiff to his destination at Montgomery, Ala., "safely and properly, and to treat him respectfully," and protect him against violence and insults of strangers, copassengers, and of its own servants. The plaintiff was therefore entitled to recover at least nominal damages, and in addition thereto all actual damages resulting as a direct consequence of the breach of the contract, including dam-

[Louisville & Nashville R. R. Co. v. Laney.]

ages for personal injuries, indignity suffered from abuse and insults from the agents or servants of the defendant in ejecting him from the train, and mental and physical pain and anguish resulting from such breach and the insults and indignities attending the same, as well as all necessary expense incident to plaintiff's reaching his destination.—*B. R., L. & P. Co. v. Glenn,* 179 Ala. 263, 60 South. 111; *Vinson v. Southern Bell Telephone Co.,* 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450; *Dickerson v. Finley,* 158 Ala. 149, 48 South. 548. These principles justify the refusal of special charges 1, 2, 3, 9, 10, 11, 14, 15, and 17, requested by the defendant.

(10) Charge 8 is in a class that has been often condemned as imposing on the jury the duty of figuring out for themselves what the issues are.—*A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84.

(11) The evidence shows without room for adverse inference that the plaintiff delivered his ticket to the conductor on the sleeping car attached to the train that carried plaintiff from East St. Louis to Nashville, and that the sleeping car conductor failed to return the ticket to plaintiff, but gave it to some other passenger; and charges 4, 5, 6, and 7 ignore this evidence and the principle of law applicable thereto holding the defendant responsible for the acts of the conductor on the sleeping car.—*L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Nelson v. Ill. Cent. R. R. Co.,* 98 Miss. 295, 53 South. 619, 31 L. R. A. (N. S.) 689; *Pennsylvania Co. v. Roy,* 102 U. S. 451, 26 L. Ed. 141; *Railroad Co. v. Price,* 125 Tenn. 646, 148 S. W. 219.

(12) After a careful review of the evidence, we are not able to say that the award of damages was excessive or that the verdict was so palpably opposed to the weight of the evidence as to warrant a reversal of the conclusions of the trial court thereon.— *Southern Ry. Co. v. Weatherlow,* 164 Ala. 151, 51 Eouth. 381.

Affirmed.