(88 South. 362)

**TENNESSEE, A. & G. RY. CO. v. ROSSELL.**
(7 Div. 665.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

**1. Pleading ⚫=8(17)—Complaint held sufficient, though negligence was averred in general terms amounting to conclusion.**

A complaint for injuries to a passenger is sufficient if negligence is averred in general terms, which amount to little more than a conclusion of the pleader.

**2. Carriers ⚫=314(2)—Complaint for injuries to passenger sufficient.**

In an action against a railroad for injuries to a passenger, complaint, stating the result of defendant's negligence, alleged in general terms as authorized by the Alabama system of pleading, *held* sufficient.

**3. Trial ⚫=266—Explanation of written charges by repetition of part of oral charge not reversible error.**

Under Acts 1915, p. 815, where written charges, given at request of the parties, though concise and correct statements of the law, are thought by the trial judge to need explanation, even by a repetition of a part of the oral charge already given, it is not reversible error for him so to charge; the court not being limited to the explanatory statement prescribed by the statute.

**4. Carriers ⚫=316(1)—Burden on defendant railroad to acquit itself of negligence toward passenger.**

In an action against a railroad for injuries to a passenger, where a count of the complaint contained a description of the means of injury and of the physical circumstances surrounding it, together with a general averment of negligence for which defendant railroad was liable, and there were also allegations showing the relation of carrier and passenger, on injury being shown, the burden was cast on defendant railroad to acquit itself of negligence.

**5. Carriers ⚫=321(23)—Charge confining inquiry as to defendant railroad's alleged negligence as to defective window bad.**

In an action against a railroad for injuries to a passenger, where plaintiff's claim was not that defendant railroad negligently permitted a defective window to be in its car, but that, whether defective or not, defendant railroad negligently permitted it to fall, or caused it to fall, on plaintiff, defendant railroad's requested charge, confining the inquiry to a defective window, was bad, and properly refused.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by Mary E. Rossell against the Tennessee, Alabama & Georgia Railway Company, for damages suffered while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the complaint:

Count 1. The plaintiff claims of the defendant corporation the sum of $2,000, as damages, for that on, to wit, the 9th day of August, 1919, while plaintiff was a passenger on one of defendant's trains, which defendant operated for the carriage of passengers in Etowah county, Ala., one of the windows of said passenger car dropped or fell on plaintiff's right arm, causing plaintiff to be severely shocked and bruised, and to suffer much physical and mental pain, and for some time plaintiff will be unable to use her arm, much to her discomfort and damage. Plaintiff avers that her injury was proximate, and caused by defendant through its servants or agents, in negligently permitting, causing, or allowing said window to fall on plaintiff's arm.

Count 2. The plaintiff adopts all of count 1 as a part of count 2 from the beginning down to and including the words "much to her discomfort and damage," where the same appear together, and aver in addition thereto as follows: Plaintiff avers that her injuries were the proximate result of the willful and wanton conduct of defendant's agents or servants, which conduct consisted in this, that defendant's agents or servants in charge of the passenger car in which plaintiff was a passenger knew that the window where plaintiff was sitting would fall when the train began to move if left up, and knew that passengers would probably be in position to be injured by it falling, and still with a knowledge of these circumstances and conditions, defendant's said agents or servants, with a reckless disregard and indifference to the consequences, raised or permitted said window to be raised and remain in that condition till said train started from the depot at Gadsden, Ala., and said window fell as stated, and caused plaintiff the damages as aforesaid.

The charge made the basis of the seventh assignment of error is as follows:

Unless the jury are able to find from the evidence in this case that the window which fell on plaintiff was defective, which caused it to fall, they should not find a verdict for the plaintiff.

Hood & Murphree, of Gadsden, for appellant.

Where the quo modo is sought to be set out, the averments must show actionable negligence in themselves. 149 Ala. 533, 43 South. 33; 7 Ala. App. 558, 61 South. 611; 159 Ala. 276, 48 South. 682. Court erred in his explanation of the charges. Acts 1915, p. 850. Under the circumstances of this case, court erred in placing the burden of the defendant to acquit itself of negligence. 185 Ala. 617, 64 South. 343; 17 Am. Neg. Rep. 553.

White & Davis, of Gadsden, for appellee.

The complaint was entirely sufficient. 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; 146 Ala. 267, 40 South. 385; 172 Ala. 488, 55 South. 616; 156 Ala. 251, 47 South. 138; 181 Ala. 512, 61 South. 908. In the absence of an explanation by the carrier, the law presumes negligence of the carrier. 183 Ala. 218, 62 South. 768; 83 Ala. 376, 3 South. 902.

⚫=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

18 ALA.APP.—2

SAMFORD, J. The complaint was in one count, which will be set out in the report of this case.

[1, 2] While recognizing the rule that a complaint claiming damages for injury to a passenger is sufficient if negligence is averred in general terms, which amount to little more than a conclusion of the pleader (Birmingham Ry., L. & P. Co. v. McCurdy, 172 Ala. 488, 55 South. 616), appellant insists that the complaint in this case undertakes to set out the quo modo of the negligence declared on, and therefore comes within the rule declared in Va. C. C. Co. v. Mayson, 7 Ala. App. 588, 62 South. 253, and Johnson v. B. R. L. & P. Co., 149 Ala. 533, 43 South. 33. The contention is not borne out by the allegations in the complaint, which states the result of the negligence, alleged in general terms, as authorized by our system of pleading. B. R., L. & P. Co. v. Wilcox, 181 Ala. 512, 61 South. 908.

[3] At the request of the defendant, in writing, the trial judge gave and read to the jury certain written charges, after which he charged the jury further upon the question of burden of proof, and in explanation of the written charges as given and read. It is not insisted that the statement of the trial judge was not a correct statement of a part of the law of the case, but it is insisted that under the statute (Acts 1915, p. 815), the only further charge of the court, after the reading of the given charges, is limited by the statute to the words as provided, without "comment or explanation" on the part of the court. This, we think, is too narrow a view to take of the statute, and if so construed would hamper trial courts in the due administration of justice. Where written charges, though correct and concise statements of the law, are thought by the trial judge to need explanation, even by a repetition of a part of the oral charge already given, it is not reversible error for him to so charge. Neither do we think the explanatory charges so given by the trial judge in this case gave any undue prominence to the evidence, in such sort as to amount to error.

[4] In the case at bar, count 1 contained, as one feature, a description of the means of injury and of the physical circumstances surrounding and attending the injury, and a general averment of negligence for which the defendant was liable. Coupled with this, there were allegations showing the relation of carrier and passenger. This being the case, and injury being shown, the burden is cast on the carrier to acquit itself of negligence. B. R., L. & P. Co. v. Wilcox, 181 Ala. 512, 61 South. 908; B. R., L. & P. Co. v. McCurdy, 172 Ala. 488, 55 South. 616; L. & N. R. R. Co. v. Jones, 83 Ala. 376, 3 South. 902.

[5] The refusal of the court to give, at the request of the defendant, the charge made the basis of the seventh assignment of error, was not error. The claim of plaintiff was not that defendant negligently permitted a defective window in its car, but, whether defective or not, defendant, through its agents and servants, negligently permitted it to fall, or caused it to fall, on plaintiff. While this would necessarily include a charge of maintaining a defective window at the time and place, the negligence which permitted or caused the window to fall may have been something, and a charge confining inquiry to a defective window was bad.

We find no error in the record, and the judgment is affirmed.

Affirmed.