## MOORE *vs.* APPLETON.

1. When an agent is employed by his principal to do an act which is not manifestly illegal, and which he does not know to be wrong, (as to take personal property, which, although claimed adversely by another, he has reasonable ground to believe belongs to his principal,) the law implies a promise of indemnity by the principal, for such losses and damages as flow directly and immediately from the execution of the agency.

2. On such implied promise, case and assumpsit are equally maintainable ; but in either action, the declaration must allege a breach.

3. If the declaration is in case, to recover indemnity from the principal for certain damages recovered in trespass against the agent by the true owner of the property taken, it must negative the existence of any knowledge on the part of the agent, at the time of the taking, that he was committing a trespass, although the *onus* of proving such knowledge may be on the principal.

4. The rule that contribution or indemnity will not be enforced between wrong-doers, does not apply to any case where the act of the agent was not manifestly illegal in itself, and was done in the *bona fide* execution of his agency, and without knowledge (either actual, or implied) that it was illegal.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. THOS. A. WALKER.

TRESPASS ON THE CASE by Claiborne G. Appleton against John Moore, " to recover damages sustained by plaintiff, growing out of certain acts performed by plaintiff, in the capacity of agent for defendant, in the year 1846, in dispossessing and removing one Aaron B. Quinby from a certain tract of land lying in Lawrence county, Alabama, and known as the place on which said defendant now keeps a toll-gate ; which act of dispossessing and removing said Quinby was done at the special instance and request of defendant, and while plaintiff was acting as his agent."

The declaration contained two counts ; the first alleging, in substance, these facts : That defendant, in 1846, constituted and appointed plaintiff his agent, generally and specially, to do and perform such acts and things as he might request plaintiff to do during the year 1846 ; that afterwards, and while plaintiff was acting in the capacity of such agent for defendant, and at defendant's special instance and request, and as such agent, " plaintiff took possession of certain goods and chattels, to-wit," &c.; " which goods and chattels, defendant then, and before plaintiff so took possession of them as such agent, stated and represented to plaintiff, were the property of said defendant, and to the possession of which defendant represented to plaintiff that he (defendant) was then entitled, which statements and representations plaintiff then believed and acted on in so taking possession of said goods and chattels ;" that afterwards, in March, 1847, one Aaron B. Quinby instituted suit against plaintiff and defen-

dant, in the Circuit Court of Lawrence, to recover damages sustained by him in consequence of the taking possession of said goods and chattels by plaintiff; that after certain proceedings were regularly had in said suit, a judgment was rendered against plaintiff and defendant, in favor of said Quinby's administrator, for $200 damages, besides costs, which amounted to $435 58 ; that an execution was duly issued on this judgment, on which plaintiff was compelled to pay $325 97; that in addition to this, plaintiff was obliged to pay out large sums of money in defending said suit, attorneys' fees, &c. ; whereby plaintiff has been greatly damaged, &c.

The second count, after alleging the agency as above stated, averred that plaintiff, " while acting in the capacity of such agent for defendant, and as such agent, and at defendant's special instance and request, and by his direction, and on his behalf, purchased from one Sarah Quinby certain goods and chattels," &c.; " that afterwards, and after said purchase was made, defendant ratified the same, and proceeded to and did take possession of said goods and chattels ;" that Aaron B. Quinby afterwards instituted suit against plaintiff, to recover damages for the taking away of said goods and chattels ; that judgment was rendered in said suit, on which execution issued, and plaintiff was compelled to pay, &c.; whereby he has sustained great damage, &c.

The defendant demurred to each count in the declaration, but his demurrer was overruled, and he then pleaded not guilty, with leave to give in evidence any special matter of defence. The defendant also demurred to the plaintiff's evidence, but the court held it sufficient, and judgment was rendered accordingly.

The rulings of the court are now assigned for error.

DAVID P. LEWIS, for the appellant :

1. If two persons jointly commit a tort, and the injured party recovers damages, and one of them pays the demand, there is no implied promise in law to contribute by the other. Chitty on Contracts, p. 400 (m.); Black & Manning v. Oliver, 1 Ala. 450 ; St. John v. St. John's Church, 15 Barb. S. Ct. R. 352 ; 4 U. S. Digest, p. 67, §§ 214, 215. No express promise is averred in either count of the declaration, and none is shown in the evidence.

2. The second count is demurrable, also, because it shows clearly *par delictum*, in which *potior est conditio defendentis;* or else it shows that both Moore and Appleton were deceived and imposed upon by Sarah Quinby, and that they were equally innocent. If they are equally innocent, then the law will not say which of the two shall suffer.

3. Appleton's trespass was the ground of Quinby's recovery against him, and the proof shows that he knew he was committing a trespass; and no court will lend its aid to a man who founds his suit on an illegal act.—St. John v. St. John's Church, 15 Barb. S. C. R. 352; Chitty on Contracts, p. 570; Merryweather v. Nixan, 8 Term R. 186; 1 Cranch's R. 345; 2 *ib.* 453. The test is, whether the plaintiff relies on such illegal acts, to establish his case.—Chitty on Cont., *supra*; 1 Caines' Cas. 104; 6 Ohio R. 21; 11 Serg. & R. 164; 4 Pick. 314; 11 Wheat. 258; Paley on Agency, p. 62.

4. An express promise by a principal to indemnify his agent against the consequences of an illegal act, is· void, unless the agent acted in good faith, not knowing that he was committing a trespass.—15 Barb. S. C. R. 348; 17 Johns. 142; 9 Cowen's R. 155-6; 2 Johns. Cas. 56; 13 E. C. L. R. 343; Story on Agency, pp. 456-8. And an express promise will not bind the principal, if the agent knew the act to be a trespass.—15 Barb. 348; Dunlop's Paley on Agency, p. 152.

5. An agent can claim reimbursement from his principal, for a trespass committed by him at his principal's bidding, *only* when he had no knowledge or suspicion that it was wrong, and acted in perfect good faith.—15 Barb. 348; Adamson v. Jarvis, 4 Bing. 66; Story on Agency, p. 348.

R. W. WALKER, with whom was WM. COOPER, *contra:*

1. The demurrers to the declaration and to the evidence involve the same principles of law, and present the question, whether the facts bring the case within any of the exceptions to the general rule, that the principal is under a legal obligation to indemnify the agent for losses sustained by reason of his employment. An agent, who commits a trespass by direction of his principal, if at the time he had no knowledge that it was a trespass, but acted in good faith, is entitled to reimbursement from his principal for all the damages he sus-

tains——Story on Agency, § 339; Powell v. Trustees of New-burgh, 19 Johns. 284; Coventry v. Barton, 17 *ib.* 142; Gower v. Emory, 18 Maine R. 79; Avery v. Halsey, 14 Pick. 174; Adamson v. Jarvis, 4 Bing. 66 ; Barney v. Dewey, 13 Johns. 224 ; Allare v. Ouland, 2 Johns. Cas. 52 ; 1 American Lead. Cases, pp. 692-3 ; Betts v. Gibbons, 2 Ad. & El. 57 ; Smith's Mercantile Law, p. 110, and cases cited ; 8 Term R. 186 ; 1 Camp. 343 ; 2 Dow. & C. 288 ; Bigelow v. Dawson, 6 Cush. Mass. 97; Parsons on Contracts, p. 36, note (x); 2 Car. & P. 417.    These cases show that, to deprive the agent of his right to indemnity, *he must know at the time* that it was a wrong. The declaration and evidence both bring this case within the principles settled by these authorities.

2. If the evidence was good under the first count, and suf-ficient to entitle plaintiff to a recovery under it, then, though the second count were defective, it would be error without injury, the record itself rebutting all presumption of injury ; and so, also, if admissible under the second count, and suffi-cient for a recovery, the appellant takes nothing by showing that the first count is defective.

3. On demurrer to evidence, all reasonable presumptions are made against the party demurring ; and the court is not bound to render judgment in conformity with what should have been the verdict of the jury, but with what it legally could have done.—Dearing v. Smith, 4 Ala. 432 ; Carson v. State Bank, *ib.* 148 ; 7 Port. 426 ; 11 Wheat. 171.

RICE, J.—Every man who employs another to do an act which the employer appears to have a right to authorize him to do, undertakes to indemnify him for all such acts as the agent does not know to be unlawful, and as would *be law-ful* if the employer had the authority he pretends to have.—Adamson v. Jarvis, 4 Bing. 66 ; Story on Agency, § 339.

Where two persons are claiming title to personal property adversely to each other, and one of these claimants calls upon another person to take it, and the latter has reasonable ground to believe that his employer is the owner of the property, and therefore takes it, without knowing at the time that such taking is a trespass or tort, a promise of indemnity will be implied to such person, although it subsequently turns out

that the title of the employer was not good, and the act of taking a trespass.—Avery v. Halsey, 14 Pick. 174.

In all such cases, a promise of indemnity is implied, upon the plain dictates of reason and natural justice.—Gower v. Emery, 18 Maine R. 79 ; Parsons on Con. 36, n. (x).

The promise thus implied extends only to such losses and damages as are direct and immediate, and naturally flow from the execution of the agency. In other words, the agency must be the cause, and not merely the occasion of the losses or damages, to found a just right to reimbursement.—Story on Agency, § 341 ; Story on Contracts, § 176.

Assumpsit lies upon such implied promises. An action on the case is equally maintainable, and is said to be the more appropriate remedy.—Myers v. Gilbert, 18 Ala. 467 ; Adamson v. Jarvis, and other cases cited *supra*. But whether the action be assumpsit or case, the declaration is bad, on demurrer, if no breach is stated in it.—1 Chitty's Pl. 337.

When the declaration is in case, as it is here, and shows that the losses for which the agent is seeking indemnity from the principal, are certain damages recovered against the agent for taking property by the direction of the principal, in an action of trespass brought against the agent by the true owner of the property, the declaration is defective, if it omits to state that the taking by the agent was without knowledge on his part, at the time of the taking, that it was a trespass.— The agent must, in his declaration, negative the existence of such knowledge on his part, although the *onus* of proving the existence of such knowledge may be on the principal ; for the rule, that the *allegata* and *probata* must correspond, is not of universal application.—Carpenter v. Devon, 6 Ala. 718.

Each count of this declaration is bad, for the omission of a breach, and also for failing to aver that the agent, at the time of the taking, did not know that it was a trespass or tort.

An averment that the principal had notice of the losses and damages sustained by the agent set forth in the declaration, and failed to pay the same, would be a good breach in such a case as this.

We admit the rule, that the law will not enforce contribution nor indemnity between wrong-doers. But that rule does not apply to any case, where the act of the agent was not

manifestly illegal in itself, and was done *bona fide* in the execution of his agency, and without knowledge (either actual, or implied by law) that it was illegal.—Parsons on Contracts, p. 36, note (x).

That rule is applicable, whenever it appears that the act of the agent was manifestly illegal in itself. For example, if A. employ B to assault C, and B thereupon does assault C, and is subjected to damages therefor, B cannot recover such damages from A : the act of B being clearly illegal in itself, the law implies that *he knew* it to be so, and therefore will not enforce his claim to indemnity.

The rule also applies, whenever it appears that, although the act of the agent was not manifestly illegal in itself, yet, in fact, he knew it to be unlawful at the time he did it. For example, if Appleton, *at the time* he took the property claimed by Moore, *knew* that Moore had no just nor lawful right to it, and that Moore's claim was groundless and iniquitous, and that it really belonged to some other person, such *knowledge* on the part of Appleton at the time of the taking, would defeat any recovery by him for any loss resulting from such taking, although he took it as the agent of Moore, and by Moore's direction.—Chappell v. Wysham, 4 Harris & Johns. 560.

For the error of the court below in overruling the demurrers to the several counts of the declaration, its judgment is reversed, and the cause remanded.