# Louisville & Nashville Railroad Co. *v.* Godwin.

## *Injury to Passenger.*

(Decided June 12, 1913.   62 South. 768.)

*Carriers; Passengers; Injuries; Presumptions.*—A presumption prima facie will arise that the accident was due to the negligence of the carrier or its servant upon proof that an accident occurred to the vehicle on which the passenger was riding, and that injury occurred to the passenger therefrom.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Minnie M. Godwin against the Louisville & Nashville Railroad Company for injuries sustained by plaintiff while a passenger. From a judgment setting aside a judgment for defendant, it appeals. Affirmed.

The charge referred to is as follows: "I charge you that if you are reasonably satisfied from the evidence that plaintiff was a passenger on defendant's train as averred, and was injured as averred while she was such passenger, then I charge you that such presumption of defendant's negligence arises."

EYSTER & EYSTER, for appellant. The charge refused to the plaintiff and the charges given for defendant were properly acted upon, and were not good grounds for motion for new trial; hence, the court erred in

granting the new trial.—*M. L. & P. Co. v. Bell,* 153 Ala. 90; *So. Ry. v. Carter,* 164 Ala. 107; 77 N. E. 1049; 97 S. W. 128.

ARTHUR L. BROWN, and W. R. FRANCIS, for appellee. The court properly granted a new trial as plaintiff was entitled to have charge 1 requested by her given.—*B. R. R. Co. v. Hale,* 90 Ala. 8; *M. & E. R. R. Co. v. Mallette,* 92 Ala. 210; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115.

ANDERSON, J.—As a general rule where it is shown that an accident occurred upon a railway, from which a passenger sustained an injured, by the breaking down or the overturning of the vehicle, or by a derailment of the train or some of the cars, or by a collision between two cars, or by an unusual jerk or jolt of the train, or by the parting of the train, or by the breaking down of a bridge, or by the falling of some of the appliances within the vehicle, or by obstruction, which the carrier has placed too near the track, striking the side of the train, a prima facie presumption will arise that the accident was due to the negligence of the company or its servants.—Hutchinson on Carriers, § 1414, *Birmingham R. R. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; *M. & E. R. R. Co. v. Mallette,* 92 Ala. 210, 9 South. 363; *Birmingham R. R. Co. v. Moore,* 148 Ala. 115, 42 South. 1024. This rule, however, applies as to passengers and not employees. It is sufficient to say that charge 1, refused to the plaintiff, should have been given; and, as its refusal would have worked a reversal of the case upon appeal by the plaintiff, the trial court properly granted the motion for a new trial.

The two cases cited by the appellant have no bearing upon the case at bar. The case of *So. R. R. Co. v. Carter,* 164 Ala. 103, 51 South. 147, involved an action by an employee and not a passenger. The case of *Mobile*

*R. R. Co. v. Bell,* 153 Ala. 90, 45 South. 56, did involve
an action by a passenger, but the burden of proof was
not involved.   The decision in that case was grounded
upon a demurrer to the complaint because it showed
that the negligence charged was not the proximate cause
of the injury.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED,
JJ., concur.

