# Louisville & Nashville R. R. Co. *v.* Godwin.

*Injury to Passenger.*

(Decided November 7, 1914.    Rehearing denied December 17, 1914.
67 South. 675.)

1. *Carriers; Passengers; Injury; Instructions.*—Where the action was for injury to a passenger alleged to have been thrown to the ground in alighting, and there was evidence from which the jury had a right to infer that plaintiff was not thrown to the ground or injured on the named occasion, it was error to charge that when she alighted she received some injuries, that being a question for the jury to determine.

2. *Appeal and Error; Review; Charges; Effect of Evidence.*— Where no charge on that point is requested by either of the parties, it is reversible error, under section 5362, Code 1907, to give an instruction on the effect of the evidence.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Minnie M. Godwin against the Louisville & Nashville Railroad Company, for damages for injury while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

EYSTER & EYSTER, for appellant.

W. R. FRANCIS, and ARTHUR L. BROWN, for appellee.

DE GRAFFENRIED, J.—The plaintiff, Minnie M. Godwin, claims that she was a passenger on one of the trains of the defendant, Louisville & Nashville Railroad Company, and that while she was a passenger on such train she was, through the negligence of the defendant, or of its agents or servants while acting within the line of their employment, thrown to the ground and injured. The plaintiff claims that her injuries were received while she was in the act of alighting from the

train at Decatur. She says that while she was alighting from the train the coach upon which she had been riding was given a sudden jerk, and that she was violently thrown to the ground, and was thereby greatly bruised, etc.

(1) The question as to whether the plaintiff was thrown to the ground or injured was however a question for the jury. There was evidence from which the jury had the right to infer that the plaintiff was not thrown to the ground or injured on the named occasion. This being true, the trial court committed reversible error in charging the jury as follows: "There is no dispute, as I understand the testimony in this case, that the plaintiff was a passenger upon the defendant's train; that she had as her intended destination, Decatur; that she had purchased a ticket; that upon arriving at Decatur she alighted or attempted to alight from the train; and that plaintiff received some injury. As to the nature, character, and extent of that injury is a question left to the jury to find or conclude from the evidence in the case."

This case must be again tried, and for that reason it would not be proper for us to engage in an extensive discussion of the testimony for the purpose of showing that the fact that the plaintiff fell or that she received some injury in getting off the train at Decatur was not *admitted,* but was *disputed,* by the defendant. The flagman's testimony alone puts that fact in dispute, and renders it a question for the sole determination of the jury.

(2) The above charge was a charge upon the effect of the evidence, invaded the province of the jury, and should not have been given. Indeed, the giving of the charge was, under our statute, reversible error.—*Mayer*

*v. Thompson-Hutchinson Co.,* 116 Ala. 635, 22 South. 859; Code 1907, § 5362.

2. There are numerous assignments of error upon this record which we do not discuss. This case involves no difficult legal propositions. It has been in this court before (see *Louisville & Nashville Railroad Co. v. Godwin,* 183 Ala. 218, 62 South. 768); and the questions not here discussed may not, and probably will not occur upon the next trial of the case.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.