(110 So. 277)

### SALES CORPORATION v. UNITED STATES FIDELITY & GUARANTY CO. (6 Div. 379.)

(Supreme Court of Alabama. Nov. 4, 1926.)

**1. Insurance ☞430—Fidelity indemnity bond held not limited to defalcations at location set opposite name of employee in bond.**

Guaranty of bond to indemnify company against loss by fraud or dishonesty of employees *held* not limited to defalcations at place named in bond, notwithstanding that name, position, and location of each employee was set out, in view of provision permitting interchanges and substitutions among employees.

**2. Insurance ☞155—Employer may show that employee was located in city adjoining that set out in fidelity indemnity bond.**

Where location of employee was given as at certain place in bond undertaking to indemnify employer against loss sustained by employees' dishonesty, it was competent, after loss, for employer to show that such employee was conducting business in city adjoining that named and that it had no business in named city, where contract of guaranty did not contemplate such location as material factor.

**3. Guaranty ☞27—Ambiguous contracts of guaranty are construed more strongly against guarantor than contracts of ordinary suretyship.**

Contracts of guaranty, especially when based on valuable consideration moving to guarantor, are construed more strongly against guarantor, when ambiguous, than contracts of ordinary suretyship.

**4. Insurance ☞146(3).**

In contract of indemnity insurance, all fair doubts are to be resolved in favor of party to be indemnified.

**5. Appeal and error ☞1056(1)—In suit on employees' fidelity bond, excluding bond from evidence because employees' location was other than as stated in bond, held prejudicial error.**

In suit on bond undertaking to indemnify employer against loss sustained by reason of employees' dishonesty, court's action in declaring bond sued on inadmissible *held* prejudicial error, though employee was not located in place set out therein and there was no evidence showing any defalcation.

**6. Trial ☞413.**

Plaintiff *held* not bound to take nonsuit after refusal to admit bond sued on in evidence, since such ruling may be reviewed on appeal after final adverse judgment.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Sales Corporation against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The suit is on a bond executed by the defendant company, undertaking to indemnify the Denegre Car & Truck Company, of Birmingham, "for any pecuniary loss sustained by reason of the fraud or dishonesty" of an employee named in the bond. The bond and guaranty cover some half dozen business managers throughout Alabama, as scheduled, "in the performance of the duties of the positions in said schedule specified or in the performance of the duties of any other position in the service of the employer, as hereinafter provided," under certain conditions specified in the bond.

Under the three captions, horizontally written, "Name—Position—Location," occurs "Samuel Robinson Sneed—manager—Oxford, Ala."

Counts A and B of the complaint, as amended, set forth a full copy of the bond and allege:

"That the said Denegre Car & Truck Company was in and by said bond insured against pecuniary loss sustained by reason of the fraud or dishonesty of one Samuel Robinson Sneed, who was and is embraced in said schedule, as manager of the business of the said Denegre Car & Truck Company, at Anniston, Ala., during the period embraced in and covered by said bond."

The specific allegation is that:

"The said * * * Sneed, while acting as manager aforesaid * * * collected a large sum of money, to wit: (more than $36,000) the property of said Denegre Car & Truck Company, and during said year, and without the knowledge or consent of Denegre Car & Truck Company, converted the same to his own use, and failed to account for the same to the said * * * company, which was· discovered and notified to the defendant within six months after the expiration of said bond."

It is alleged that the claim of the said employer company, based upon a breach of this bond, has been duly assigned for value to the plaintiff herein.

The trial was by the court without a jury, and, from a judgment for defendant, the plaintiff appeals.

Hugh Walker, of Anniston, Oliver Henderson, of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellant.

The bond being open to two constructions, that one favorable to assured is to be adopted, being consistent with the objects for which the contract was made. 25 C. J. 1091; Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; Ala. Fid. & Cas. Co. v. Ala. P. S. Bank, 200 Ala. 337, 76 So. 103; American Surety Co. v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977; Guarantee Co. v. Mechanics' Sav. Bank & Trust Co., 80 F. 766, 26 C. C. A. 146. The mere recital of the location of the employee did not limit the location of the employment. Citizens' Trust & Guaranty Co. v. Globe & Rutgers Fire Ins. Co., 229 F. 331, 143 C. C. A. 446, Ann. Cas. 1917C, 416. A misdescription will not defeat the policy, unless the variance is material. 2 Cooley's Briefs, 1283; Exchange Underwriters' Agency v. Bates, 195 Ala. 161, 69 So. 959; Le Gendre v. Scottish Union & National Ins. Co., 95 App. Div. 562, 88 N. Y. S. 1012. Parol proof may be made to show mistake as to description of location. 26 C. J. 524; Scottish Union v. McKone, 27 F. 813, 142 C. C. A. 337; Shivers v. Farmers' Mutual Fire Ins. Co., 99 Miss. 744, 55 So. 965; Dodge v. Grain Shippers' Mutual Fire Ins. Ass'n, 176 Iowa, 316, 157 N. W. 955; Ala. Mutual Fire Ins. Co. v. Minchener, 133 Ala. 632, 32 So. 225.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Where it appears from the record that the court properly found for defendant on the evidence adduced, it becomes unnecessary for the court to pass on alleged errors or rulings on pleading or evidence. Sovereign Camp, W. O. W. v. Alford, 210 Ala. 378, 98 So. 130; New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 68, 97 So. 82; Riedermann v. Stewart, 20 Ala. App. 512, 103 So. 310; Rule 45, Sup. Ct. No construction can be availed of to refine away terms of a contract expressed with sufficient clearness to convey the parties' meaning. McConnell-White-Terry Realty & Ins. Co. v. Fidelity & Deposit Co., 212 Ala. 339, 102 So. 617; Guarantee Co. v. Mechanics' Sav. Bank & Trust Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253; Union Central Relief Ass'n v. Johnson, 198 Ala. 491, 73 So. 816. The obligation of a surety is not to be extended beyond the terms of the contract. First Nat. Bank v. Gerke, 68 Md. 449, 13 A. 358, 6 Am. St. Rep. 453; Rapier v. Louisiana Eq. Life Ins. Co., 57 Ala. 100.

SOMERVILLE, J. [1] The chief and, indeed, the decisive question in this case, as shown by the record, is whether the guaranty of the bond is limited to the defalcations of the employee, Sneed, in managerial service, at Oxford, Ala., or whether it covers such service, as actually rendered by him, in the Denegre Company's business, at Anniston.

The trial court received evidence showing that the company never had a place of business at Oxford, but did have one at Anniston, where it operated one of its stores at the time of defendant's guaranty, and continuously from. 1918 to 1921; and that Sneed, at first, lived at Oxford, which lies immediately outside of Anniston. But the guaranty bond, upon which the action is founded, was excluded from the evidence upon the objection of defendant—upon the theory, we presume, that, as a matter of law, the bond could not be applicable to Sneed's managerial service other than in a store conducted by him at Oxford.

Looking only at the designations of position and location in the schedule, we would be inclined to hold that the location named as to each of the seven employees included in the guaranty was intended to be definitive and not descriptive merely; and hence that a claim for indemnity under the bond should be limited, as to each employee, to his services in the conduct of a business at the location specified for him.

But a comprehensive view of the entire document leads us to a different conclusion. It contains provisions permitting "interchanges or substitutions among any of the employees," provided the amount of liability should not be increased as to any employee; and, again, no distinction is made between Birmingham, Montgomery, Mobile, Dothan, and Oxford (or Anniston), as to the amount of the guarantor's liability or the amount of the premium paid by the insured.

[2] Very clearly, the contract of guaranty did not contemplate, as a material factor, the location of Sneed's service at Oxford rather than at Anniston. The material factors were the personality of the manager and the character of his service; and it was competent for the employer-guarantee to show that it had no business at Oxford, and that the employee was conducting the business in the adjoining city of Anniston, and therefore that the Anniston business was the one intended to be covered by the undertaking as to Sneed.

[3, 4] Contracts of guaranty, especially when based upon a valuable consideration moving to the guarantor, are not like contracts of ordinary suretyship, but are construed more strongly against the guarantor, when their language is ambiguous and susceptible of more than one meaning. Scott v. Wyatt, 24 Ala. 489, 495, 60 Am. Dec. 485; Russell v. Garrett, 204 Ala. 98, 85 So. 420; 28 Corp. Jur. 933, § 79. This is a contract of indemnity insurance, and this court has held that it must be construed as are other contracts of insurance, i. e.:

"All fair doubts are to be resolved in favor of the party to be indemnified." Ala. Fid. & Cas. Co. v. Ala. Penny Sav. Bank, 200 Ala. 337, 76 So. 103 [10th headnote]; 31 Corp. Jur. 426, § 18.

[5, 6] The plaintiff offered as evidence the identical bond set out in his complaint, and its rejection was prejudicial error. It is true, as found by the trial court, that there was no evidence showing any defalcation by Sneed; but the exclusion of the bond, upon which plaintiff's claim exclusively depended, rendered such evidence nugatory and, indeed, legally inadmissible, and ended the case so far as plaintiff's ability to proceed with it was concerned. Plaintiff might better have taken a nonsuit at that stage, but

was not bound to do so, as such a ruling may be reviewed on appeal after final adverse judgment.

The issues seem to have been adequately presented by the pleadings before the court, and we deem it unnecessary to pass upon technical questions of pleading.

We think the cause should be tried again with the bond in evidence, and, to that end, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.