(122 So. 169)

## EUREKA COAL CO. v. LOUISVILLE & N. R. CO. (6 Div. 237.)

Supreme Court of Alabama. May 2, 1929.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

McClellan & Stone, of Birmingham, for appellee.

THOMAS, J. ▪ The general demurrer does not serve the purpose of a special demurrer, in that as against the former all amendments of form that may be added are considered as made. Whiteman v. Taber, 203 Ala. 496, 501, 83 So. 595, Lunsford v. Marx, 214 Ala. 37, 106 So. 336. However, many grounds of demurrer to the bill were thereafter added, not directed however to the different phases of the bill.

The bill is filed in a double aspect, and one phase thereof contained equity. It is averred that there were contract relations of the parties for maintenance of light wires across complainant's tracks, and not for telephone wires; that without express or implied permission the poles, set under contract on and across the right of way, were subjected to an unauthorized or superadded use, and without the contract right, knowledge, or permission of complainant; and that such superadded agency and burden, as placed and maintained by defendant, caused the injury and damages required of satisfaction by complainant, in response to its primary liabilities as a common carrier to third parties who were passengers, and which damages were proximately caused by defendant's unauthorized acts as to its ways. That is to say, these theories for relief sought were under the doctrine of contribution or analogous principles, and reimbursement per contract for injuries and damages that, in a way, grew out of an indemnity contract for setting light poles on the railroad's right of way on which low voltage light wires were strung by the defendant for its benefit, and for the unauthorized use of said poles by defendant by the superadded telephone wires causing the injury.

The distinction between contribution and indemnity, or affecting joint tort-feasors in their right of or liability for contribution, was the subject of Vandiver & Co. v. Pollak, 97 Ala. 467, 12 So. 473, 19 L. R. A. 628; Id., 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118. The rule and exception thereto as to joint tort-feasors is the same. Moore v. Appleton, 26 Ala. 633. Mr. Chief Justice Brickell declared of the rule and exception thereto, in Vandiver & Co. v. Pollak, 107 Ala. 547, 548, 552, 19 So. 180, 181 (54 Am. St. Rep. 118), as follows:

"The doctrine of contribution is not founded on contract, but on the principle that equality of burden as to a common right, is equity—that wherever there is a common right, the burden is also common."

"The general rule is that a trespasser confessing that he has injured, or taken the property of another, is not entitled to the assistance of the courts to recover indemnity or contribution from his associates in the trespass, but if there is not a known, meditated wrong, if the parties act bona fide under the supposition of the entire innocence and propriety of the act and under circumstances excluding intentional wrong, the general rule will not apply, whether it be indemnity or contribution that is sought." 31 C. J. pp. 446, 447, 449–451; Huey v. Dykes, 203 Ala. 231, 82 So. 481.

▪ The general rule denying contribution or indemnity as between joint tort-feasors (Adler & Co. v. Pruitt, 169 Ala. 221, 53 So. 315, 32 L. R. A. [N. S.] 889) is limited to a case of an intentional "known, meditated wrong," and not to a case where the "parties act bona fide under the supposition of the entire innocence and propriety of the act." In such case there "is no room or reason for the application of the principle" that "courts will not lend assistance on an immoral or illegal act—ex turpi causa, oritur non actio." Story on Agency, § 339; Story on Partnership, § 220; Cooley on Torts, 147; Pollock on Torts, 171; Bishop on Contracts, § 216; 4 Am. & Eng. Ency. (1st Ed.) 12.

▪▪ The averments of the bill bring that pleading within the noted exception, or that as between the parties litigant, they were not joint tort-feasors, but appellant was primarily responsible for the injury to the Fords (31 C. J. 449), and the right of contribution and indemnity exists in equity under their contract and assumed relations thereunder, as to and about the poles and wires of the respondent, across the ways of complainant. And the right of complainant is not defeated by reason of the fact that it did not resist in the courts the just claims of the Fords, and did not require them to recover judgment and costs against complainant. 31 C. J. 453, § 52.

▪ Under our statutes, as to the injury in question, the burden of the evidence was upon the common carrier, appellee here. B. R. L. & P. Co. v. McCurdy, 172 Ala. 488, 55 So. 616; L. & N. R. Co. v. Godwin, 183 Ala. 218, 62 So. 768.

■■ And all fair doubts of construction of such instruments as those exhibited, when their language is ambiguous and susceptible to more than one meaning, must be resolved in favor of and to the end of the protection accorded by the instrument to the party intended to be indemnified. Fidelity Co. v. Ala. Sav. Bank, 200 Ala. 337, 76 So. 103; Sales Corp. v. U. S. Fidelity Co., 215 Ala. 198, 110 So. 277; 31 C. J. 426, § 18. This applies to the contract use of the light poles. Appellee was entitled to the benefit of the estoppel arising from acts of the appellant as to the poles and telephone wires in question; and that the poles and extraordinary use thereof were, in equity (not at law), within the terms of the indemnity contract exhibited, to save harmless from and indemnify against any loss or damage of any kind, costs and attorneys' fees incident or resulting in any way from any injury to person or damage to property, growing out of the position or condition of said poles, wires, or cables and supports, or the operation of said light and power line.

■■ The several specific grounds of demurrer are not well taken, if directed to the bill as a whole and to its several paragraphs; it is not directed to the separate phases of the bill. Birmingham v. L. & N. R. Co., 216 Ala. 178, 185, 186, 112 So. 742. And defendant in equity and good conscience is estopped to deny liability to complainant as against the loss sustained through the reasonable sums paid the Fords under the averred facts and circumstances of the bill.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting). The bill rests the complainant's right to relief on the contract, made exhibit thereto, in which the appellant, in consideration of the privilege granted, stipulated "that the first party (Louisville & Nashville Railroad Company), its officers, agents, tenants, or other companies operating its railroad, shall be by said second party saved harmless from and indemnified against any loss or damage of any kind, including costs and attorneys' fees, *incident to* or resulting in any way from any injury to person or damage to property growing out of the position *or condition of said poles, wires or cables and supports*, or the operation of said light and power line." (Italics supplied.)

The damage, according to the averments of the bill, resulted from maintaining, in a negligent condition, telephone wires on the poles set on the complainant's property under the contract to hold the power line, and the holding of the majority seems to rest the equity of the bill on the fact that the contract did not contemplate the use of these poles for the telephone line. If this construction of the contract is sound, it necessarily follows that the contract is without influence to support the complainant's claim to equitable relief.

To my mind it is clear that stringing and maintaining the telephone wires on the poles designed for use in the maintenance of the power line was "incident to the conditions of said poles, wires, cables and supports," and the damage sustained by the complainant is clearly within the terms of the contract of indemnity, and that an action at law for the breach of the contract affords an adequate remedy. 3 Pom. Eq. Jur. (3d Ed.) § 1234; Moore v. Appleton, 26 Ala. 633.

Still, if it be conceded that the use of the poles for telephone lines was not within the contemplation of the parties, and damage resulting from their negligent maintenance is not covered by the contract, the use of the poles for that purpose was clearly a breach of duty growing out of or incident to the contract, and if damage resulted therefrom, it was at most an unauthorized and unwarranted use of the poles—a tort, for which an action on the case afforded an adequate remedy. Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Moore v. Appleton, supra.

There is an absence of any element of equitable contribution, in fact the bill does not seek to compel contribution, but seeks a personal money judgment against the defendant for the damages sustained, collectable by execution on the judgment, and this character of relief, as a general rule, will not be granted by a court of equity. See Pom. Eq. Juris., supra.

To my mind the principles declared in Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118, are without application.

Nor can the bill be sustained as one for specific performance for the reason that the damage suffered by the Fords has been paid by the complainant, and there is no necessity of relieving the complainant from the burden of a cloud hanging over it arising from a liability on which it is not primarily liable. Segall v. Loeb, 218 Ala. 433, 118 So. 633; Thomas v. St. Paul M. E. Church, 86 Ala. 138, 5 So. 508; Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am. St. Rep. 31, 8 Ann. Cas. 78.

Therefore, viewing the case from every standpoint, the relief sought is a judgment for damage, for breach of contract—or for a breach of duty growing out of the contract in which an action at law affords a complete and adequate remedy rendering the bill as wanting in equity.

I am likewise out of accord with the holding that the bill presents the case in a double aspect, and of opinion that the court erred in overruling the demurrers to the bill, and that the case should be reversed. I therefore respectfully dissent.