Forest R. Crim sued Tisia Baker Lovelady and Glenn Creel, individually and doing business as Creel Tree Service, alleging that in August 1997 the defendants had trespassed upon his property and had cut and carried away trees from the property. Creel filed a cross-claim against Lovelady for indemnification for any damages that he might have to pay as a result of Crim's claim against him; Creel claimed that Lovelady had directed him to cut timber on her property but that she had instructed him to cut trees that were not on her property. After conducting an ore tenus proceeding, during which it viewed the land upon which the trespass allegedly had occurred, the trial court entered a judgment in which it expressly found that Creel had cut timber from a portion of Crim's land, but that he had been acting on Lovelady's representations that she owned that portion. The trial court also expressly found that Creel had entered upon and had damaged Crim's property, and directed Creel to pay Crim $5,400; however, the trial court found in favor of Lovelady as to Crim's claim against her, and concluded that statutory damages for Crim's damaged trees were not due to be awarded because Creel and Lovelady had not intended to cut Crim's trees (see Ala. Code 1975, § 35-14-1). Lovelady was directed to pay $2,700 to Creel on his indemnity cross-claim.
Creel appeals, claiming that the trial court erred in finding for Crim on Crim's trespass claim and in awarding Creel only $2,700 on his indemnity claim. The following principles govern our review of the trial court's judgment:
 "We note that under the ore tenus standard of review, the trial court's findings of fact based on oral testimony, and a judgment based on those findings, are given a presumption of correctness. A judgment based on such findings will not be reversed unless it is shown to be plainly and palpably wrong. The appellate courts are not allowed to substitute their own judgment for that of the trial court if the trial court's decision is supported by reasonable inferences to be drawn from the evidence. The reason for giving such deference to the trial judge's findings based on disputed evidence *Page 1261 
in ore tenus proceedings is that the trial judge has the benefit of observing the witnesses' manner and demeanor and has the better opportunity to pass upon the credibility of their testimony."
Ex parte Pielach, 681 So.2d 154, 154-55 (Ala. 1996) (citations omitted). "Under the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness and will not be reversed unless found to be plainly and palpably wrong."Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375,378 (Ala. 1992) (citations and internal quotation marks omitted). Finally, we note that "[w]here the trial court has made a visual inspection of the subject matter of a finding of fact there is an even greater presumption indulged in favor of that finding than is the case when the same finding is made from other evidence." Gantt v. Bamberg,491 So.2d 925, 925 (Ala. 1986).
Creel contends that the trial court abused its discretion in concluding that he had trespassed upon and damaged Crim's land and in assessing Crim's damages at $5,400.[1] In doing so, Creel correctly notes that damages in cases involving trespass to land wherein trees are removed are "not measured by the value of the timber or property severed, but by the injury to the land by reason of its severance — the difference between the value of the land immediately before [the trespass] and [the value of the land immediately] after the trespass." Granade v. UnitedStates Lumber Cotton Co., 224 Ala. 185, 189, 139 So.2d 409, 412 (1931). Creel contends that Crim's testimony concerning the location of his boundary line was not credible and that he failed to present "competent evidence" concerning diminution of value resulting from the trespass and the removal of trees; therefore, Creel says, a judgment for $5,400 in Crim's favor is necessarily erroneous.
However, we note that the trial judge personally viewed the property in question and that the knowledge he obtained during that view constitutes proper evidence in this case. See Lowe v. Morrison, 412 So.2d 1212, 1213
(Ala. 1982) (view of premises by trier of fact supported awards for both substantial performance and breach of implied warranty); Frederick v.Strickland, 386 So.2d 1150, 1151-52 (Ala.Civ.App. 1980) (view of premises by trier of fact supported its computation of difference between value of dwelling as contracted and its value as actually constructed); 2 Charles W. Gamble, McElroy's Alabama Evidence § 208.01 .02 (5th ed. 1996) (discussing judicial views generally).
Crim testified concerning the existence of an old, visible fence line roughly paralleling a quarter-section line constituting the boundary between Crim's property and Lovelady's property; he further testified that a marker pipe had been removed from the boundary between his land and Lovelady's, and that Creel had cut pine and poplar trees from the north side (i.e., Crim's side) of the old fence/section line. Moreover, an exhibit admitted into evidence contains a handwritten statement signed by Creel in which he states "I'm very sorry for the over cut, but I simply done [sic] what I was told to do." From that evidence, as well as the trial court's view of the property, the trial court could *Page 1262 
have ascertained not only that Creel trespassed upon, and cut trees from, Crim's land, but also that Creel's actions diminished the value of Crim's property in the amount of $5,400.
As to Creel's cross-claim, we reach a different conclusion.[2] While Alabama law generally provides that a trespasser may not recover indemnity from a co-trespasser, that rule does not apply "if there is not a known, meditated wrong" and "if the parties act bona fide under the supposition of the entire innocence and propriety of the act and under circumstances excluding intentional wrong." Eureka Coal Co. v.Louisville N.R.R., 219 Ala. 286, 289, 122 So. 169, 171 (1929); accord,Moore v. Appleton, 26 Ala. 633 (1855). Indeed, the Alabama Supreme Court long ago recognized that "`[e]very man . . . who employs another to do an act which the employer appears to have a right to authorize him to do, undertakes to indemnify him for all such acts as would be lawful if the employer had the authority he pretends to have.'" Vandiver v. Pollak,97 Ala. 467, 470, 12 So. 473, 474 (1893) (quoting Adamson v. Jarvis, 4 Bing. 66, 130 Eng. Rep. 693 (C.P. 1827)).
Although the trial court declined to hold Lovelady directly liable to Crim for the trespass of Creel,[3] the court awarded Creel $2,700 on Creel's cross-claim for indemnity, implicitly finding that Lovelady's representations concerning the extent of her land were the primary reason Creel trespassed upon Crim's land. However, at common law, "indemnity shifts [the] entire burden of loss from one party to another; thus, the measure of recovery is all or nothing." 42 C.J.S. Indemnity § 41 (1991) (emphasis added); accord, Poling Transp. Corp. v. United States,613 F. Supp. 1319, 1321 (E.D.N.Y. 1985). Because the trial court found that Creel was entitled to indemnity because of Lovelady's representations, but did not require full indemnity, the court erred.See Steel City Erection Co. v. Johnson-Rast Hays, Inc., 402 So.2d 1014,1015 (Ala.Civ.App. 1981) (trial court abused its discretion in awarding plaintiff only $4,000 plus interest, where evidence would support only an award of $10,117 — the entire premium of one insurance policy — or an award of nothing).
Based upon the stated facts and the cited authorities, the judgment is affirmed insofar as it relates to Crim's trespass claim against Creel. However, insofar as it relates to Creel's cross-claim against Lovelady, the judgment is reversed. The cause is remanded with instructions for the trial court to enter a judgment in the amount of $5,400, plus costs, in favor of Creel on his cross-claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] We reject Crim's contention that the sufficiency of the evidence before the trial court to support its findings is not properly raised as an issue in this court. See Ex parte Vaughn, 495 So.2d 83, 87 (Ala. 1986) (holding that express findings of fact by a trial court will in and of themselves preserve for appellate review the sufficiency of the evidence to support those findings).
[2] Lovelady has not favored this court with a brief.
[3] The correctness of the trial court's judgment as to Crim's claim against Lovelady is not before us, because Crim did not appeal from the judgment. However, Alabama law does recognize that a person may become liable for trespass to adjoining land without actually going upon that land when that person, or that person's agent, points out an erroneous division line between the tracts to a lumberman who later cuts trees on the adjoining land. See Oswalt v. Smith, 97 Ala. 627, 12 So. 604
(1893). *Page 1263